MAYER *v.* DENVER, T. & FT. W. R. Co. *et al.*

(*Circuit Court, S. D. New York.* March 18, 1889.)

1. CORPORATIONS—STOCKHOLDERS—FRAUD.

A bill by a stockholder of the P. Co. to restrain the D. Co. from issuing certain mortgage bonds intended to secure an illegal advantage to the C. Co., in breach of an agreement between the D. Co. and the F. Co., alleged that the P. Co. was the equitable owner of stock in the F. Co., and that it designed, when it acquired the legal title to such stock, to exchange it in disregard of plaintiff's rights for stock of the D. Co., and that the fraudulent issue of mortgage bonds by the D. Co. would place a lien for their amount before the stock, which complainant would be entitled to receive as a stockholder of the P. Co. The bill prayed that the D. Co. and the C. Co. be enjoined from disposing of the bonds, and that the P. Co. be enjoined from exchanging its stock of the F. Co. for that of the D. Co. until the agreement between the F. and D. Cos. had been complied with. *Held* that, conceding

that complainant had the right to sue on behalf of the P. Co., a cause of action was not stated, as the P. Co. could not be heard to complain until it became a stockholder in the D. Co., and, as it was not a party to the agreement between the D. and F. Cos., it could neither enforce it nor restrain its breach.

2. SAME—PLEADING—MULTIFARIOUSNESS.

If the bill be taken as stating a cause of action by complainant against the P Co. the bill is multifarious, as the other defendants have no interest in the controversy.

In Equity. On demurrer to the bill.
*Edgar M. Johnson*, for complainant.
*Wagner Swayne*, for defendants.

WALLACE, J. This is a suit in equity by the complainant as a stockholder of a corporation against that corporation, and against the Denver, Texas & Fort Worth Railroad Company, and the Colorado & Texas Railway Construction Company. The defendants have demurred for multifariousness, want of equity, and absence of necessary parties. The substantive relief sought by the bill is to prevent the Denver, Texas & Fort Worth Railroad Company from issuing $1,000,000 mortgage bonds intended to secure an illicit advantage to the Colorado & Texas Construction Company in breach of an agreement between the first-named corporation and the Fort Worth & Denver City Railway Company. The plaintiff is a stockholder of the Pan Handle Construction Company, which is the equitable owner of stock in the Fort Worth & Denver City Railway Company; and he asserts that his corporation is about to receive its stock, and designs, when it acquires the legal title, immediately, and in disregard of his rights and interests, to exchange it for stock of the Denver, Texas & Fort Worth Railroad Company. The bill avers "that the issue of said bonds (by the Denver, Texas & Fort Worth Railroad Company) is fraudulent, and without any consideration whatever, and is neither called for nor required, but is intended simply to give as a profit to said Colorado & Texas Construction Company the sum of $1,000,000 in bonds to which it is neither lawfully nor legally entitled." The bill also avers "that the issue of said bonds, and the delivery of the same to the said Colorado & Texas Construction Company, is a fraud upon his rights in this: that it would place before the stock which he is entitled to receive of the Denver, Texas & Fort Worth Railroad Company by virtue of his ownership of said stock in said Pan Handle Construction Company a lien of $1,000,000 for the mortgage bonds prior in right to his stock." The bill also avers that the issue of the bonds would be a violation of the organic law of the Denver, Texas & Fort Worth Railroad Company, and *ultra vires*. The prayer of the bill is that the Denver, Texas & Fort Worth Railroad Company, and the Colorado & Texas Construction Company, be restrained from disposing of the bonds, and be directed to deliver them up for cancellation, and that the Pan Handle Construction Company be restrained from exchanging its stock of the Fort Worth & Denver City Railway Company for the stock of the Denver, Texas & Fort Worth Railroad Company until compliance of the agreement between the

Fort Worth & Denver City Railway Company and the Denver, Texas & Fort Worth Railroad Company.

Assuming that the bill shows a case in which a stockholder is entitled to sue to enforce a cause of action in behalf of the corporation, which the corporation itself cannot be induced to assert, and viewing the bill as one filed by the Panhandle Construction Company, it does not state a cause of action against the other defendants. That company, as an expectant owner of the stock in the Denver, Texas & Fort Worth Railroad Company, may have a future interest in the question whether the latter corporation ought to be permitted to issue the bonds, but it has no interest at present. Until it becomes a stockholder of the Denver, Texas & Fort Worth Railroad Company, it can neither be heard to complain of acts of that corporation which may be *ultra vires*, or permitted to interfere in any way in the affairs of that company. As it was not a party to the contract between the Denver, Texas & Fort Worth Railroad Company and the Fort Worth & Denver City Railway Company, it cannot sue to enforce the contract between those corporations, or to prevent a breach of the contract. And in any suit founded upon that contract the Fort Worth & Denver City Railway Company would be a necessary party. Of course the complainant would not become a stockholder in the Denver, Texas & Fort Worth Railroad Company if his corporation should acquire the stock of that company. That would require the further exchange of his stock in his own corporation for the newly-acquired stock, which could only take place with his consent. If the Pan Handle Construction Company is about to make disposition of the stock which it will acquire in the Fort Worth & Denver City Railway Company in fraud of its own stockholders, the complainant, upon a proper showing of facts, can seek the aid of a court of equity to restrain the threatened transaction, as any of its stockholders could if the corporation were about to dispose of any of its other property in contravention of its duties as a trustee for them; but it is doubtful whether the present bill makes a sufficient case in that behalf. For all that appears, the exchange of the stock may be for the best interests of the stockholders of the Pan Handle Construction Company. That corporation, in its capacity as a stockholder of the Fort Worth & Denver City Railway Company, may be powerless to arrest the issue of the mortgage bonds by the Denver, Texas & Fort Worth Railroad Company; and its directors and officers, and the majority of its stockholders, may believe, and be justified in believing, that notwithstanding the contract between the Denver, Texas & Fort Worth Railroad Company and the Fort Worth & Denver Construction Railway Company is about to be ignored, and the fraudulent issue of bonds is to take place, the shares to be received in exchange are more valuable than those which are to be given. The statement in the bill that the stockholders of the Pan Handle Construction Company authorized the exchange upon the faith that the Denver, Texas & Fort Worth Railroad Company would perform its contract with the Fort Worth & Denver City Railway Company, and that the officers of the Pan Handle Construction Company are

"warmly enlisted and deeply interested" in the issue of the bonds by the Denver, Texas & Fort Worth Railroad Company, are the only averments to impeach the good faith and good judgment of the latter in favoring the exchange, and no facts' are set forth from which it can be seen that their conduct is prompted by a purpose to disregard the interests of the stockholders whom they represent, or is calculated to violate their rights, although this is suggested by implication. If there were enough in the bill to show a real grievance on the part of the complainant against the Pan Handle Construction Company, the other defendants ought not to be dragged into a controversy between him and the Pan Handle Construction Company upon the theory that they are proper parties to a suit by the Pan Handle Construction Company to prevent a breach of contract between the Fort Worth & Denver City Railway Company and the Denver, Texas & Fort Worth Railroad Company. The two causes of action are distinct and unconnected, and the attempt to mingle them renders the bill multifarious. If the complainant is entitled to prevent his own corporation from making the exchange of its stock with the Denver, Texas & Fort Worth Railroad Company, and can obtain that relief, it is wholly immaterial to him what indebtedness is created or mortgage bonds are issued by the latter corporation, because he will not become one of its stockholders, nor will his own corporation become a stockholder. Until the complainant becomes an actual shareholder of the Denver, Texas & Fort Worth Railroad Company he is a stranger to its affairs. He cannot be permitted to introduce it into a controversy in which no decree can be obtained against it, and compel it to litigate one issue between him and his own corporation in which it has no interest, and another between it and the Fort Worth & Denver City Railway Company, in which neither he nor his own corporation have any interest. The demurrer is sustained.