(80 Misc. Rep. 149.)

### FEHLHABER v. FEHLHABER.

(Supreme Court, Appellate Term, First Department. March 11, 1913.)

1. COVENANTS (§ 94*)—COVENANT OF SEISIN—BREACH—ENCROACHMENT.

Where land is conveyed, together with the buildings and improvements erected thereon, an encroachment on adjoining land of the building erected upon the land conveyed does not create a breach of the covenant of seisin.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 104–109; Dec. Dig. § 94.*]

2. COVENANTS (§ 127*)—ACTION FOR BREACH—NOMINAL DAMAGES.

In an action for breach of covenant against incumbrances, where there is no proof of damage, only nominal damages can be recovered.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 238–242, 258; Dec. Dig. § 127.*]

3. COVENANTS (§ 96*)—COVENANT AGAINST INCUMBRANCES—BREACH.

Where land was conveyed with a covenant against incumbrances, the fact that buildings erected thereon encroached upon adjoining lands on two sides for about 1½ feet was a substantial encroachment, impairing the value of the property conveyed, and as such a breach of the covenant.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 111–129; Dec. Dig. § 96.*]

4. COVENANTS (§ 127*)—ACTIONS FOR BREACH—DAMAGES.

In an action for breach of a covenant against incumbrances, the expenses incurred in the removal of an encroachment are recoverable as damages, but not to exceed the purchase price, with interest.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 238–242, 258; Dec. Dig. § 127.*]

Appeal from Municipal Court, Borough of the Bronx, First District.

Action by William Fehlhaber against Adolph Fehlhaber. From a judgment for defendant, plaintiff appeals. Reversed, and judgment awarded to plaintiff.

Argued February term, 1913, before SEABURY, GERARD, and BIJUR, JJ.

Eugene L. Brisach, of New York City, for appellant.

SEABURY, J. The plaintiff and defendant were each the owners of one-half of the certain parcel of real estate known as lots Nos. 97

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and 98 on the map of Seneca Park, on Tieman avenue, in the borough of the Bronx. The defendant, by a full-covenant and warranty deed, conveyed to the plaintiff his one-half interest in the property in question, and warranted that said interest was "free from all incumbrances." The evidence shows that a building on the property conveyed encroached on the adjacent property on the north 1.49 feet and on the south 1.41 feet, and that a cesspool attached to the building encroached on the adjacent property 1½ feet. The plaintiff offered evidence to show that the difference in value of the premises with the encroachments and with the encroachments removed was $1,200. The complaint was oral, and the plaintiff's bill of particulars set forth that by reason of said encroachments plaintiff was compelled to remove the building, at a cost to him of $600, and demands judgment against the defendant for $300.

[1, 2] The court below awarded judgment for the defendant, holding that the fact that some part of the land conveyed encroached on the adjoining property did not constitute a breach of the covenant against incumbrances contained in the deed. In support of this ruling, the learned court below cited Stearn v. Hesdorfer, 9 Misc. Rep. 134, 29 N. Y. Supp. 281. That case does not support the ruling made. In that case it was held that an encroachment on adjoining land of a building erected upon the land conveyed, "together with the buildings and improvements erected thereon," does not create a breach of the covenant of seisin, and this we understand to be the established rule. That case, however, is not authority for the proposition that an action will not lie in such a case for the breach of the covenant against incumbrances. In reference to the action for breach of the covenant against incumbrances, that case merely held that, in the absence of proof of damage, only nominal damages may be recovered. This ruling is in accord with that made in McGuckin v. Milbank, 152 N. Y. 297, 46 N. E. 490.

[3, 4] The encroachment of the building upon the adjacent land created a right in the owner of the adjacent land, which, while it did not interfere with the passage of the fee, did impair the value of the property conveyed by the defendant to the plaintiff. Under the circumstances disclosed by the record, the encroachment was material and substantial. It was, therefore, an incumbrance, and as such within the terms of the covenant. The existence of the incumbrance caused damage to the plaintiff, and the expense which was incurred in its removal may properly be recovered as damages, provided that the damages recoverable shall not exceed the purchase price, with interest. Reeves on Real Property, vol. 2, p. 1529. Under this rule, the plaintiff could not have recovered more than $250, which was the amount of the purchase price of the one-half interest which he acquired in the property from the defendant.

It follows that the judgment should be reversed, with costs to the appellant, and judgment should be awarded to the plaintiff for $250, together with costs taxable in the Municipal Court. All concur.