GAMORSIL REALTY CORPORATION, Plaintiff, *v.* CHARLES GRAEF
and Another, Defendants.

Supreme Court, Bronx County, December 23, 1926.

Deeds — covenant against incumbrances — action for breach — covenant
against incumbrances is broken where wall encroaches on land not
conveyed — plaintiff effected party wall agreement with owner of
premises adjoining, but failed to show amount of money paid therefor
— recovery limited to nominal damages — delivery of full covenant
deed of premises to third party precludes plaintiff from claiming
damages for remaining incumbrances.

Defendants, who gave plaintiff a full covenant and warranty deed to premises,
are liable in an action for the admitted breach of a covenant against incum-
brances, in that at the time of the conveyance a part of the northerly wall of
the building on the premises encroached on property immediately adjoining
at the north, for, where a wall encroaches on land not conveyed, a covenant
against incumbrances is broken.

The encroachment of the building wall on an adjoining lot constituted an
" incumbrance " within the meaning of that term as employed in the covenant
against incumbrances, but, though plaintiff effected a party wall agreement
as to the north wall of the building, it made no proof of the amount of money
it paid to obtain said agreement, and, consequently, it is entitled only to
nominal damages.

The delivery by the plaintiff to a third party of its full covenant and warranty
deed precludes plaintiff from claiming damages because of the incumbrances
which remain, for the delivery of the deed was an assignment of whatever
rights plaintiff had; the fact that the contract of sale recited that the premises
were sold " subject to any state of facts an accurate survey would show " did
not reserve to the plaintiff any right therein where the deed made no such
reservation.

ACTION to recover damages for a breach of a covenant in a deed
against incumbrances.

*Seymour Mork,* for the plaintiff.

*A. B. Scoville,* for the defendants.

GLENNON, J. This action was tried in the absence of the jury
upon stipulation of the parties that the court would have power
to direct a verdict with the same force and effect. as if the jury
were present.

The theory of plaintiff's case is that defendants are liable to
plaintiff in damages because of a breach of the covenant against
incumbrances, which was contained in a full covenant and warranty
deed delivered to plaintiff on the 25th day of February, 1922.
The property affected is known as No. 1125 Boston road, in the
county of Bronx. At the time of the conveyance it is undisputed

that a part of the northerly wall of the building situated on the premises conveyed to plaintiff encroached from about six and one-half to ten and one-half inches on the property immediately adjoining to the north. It is further alleged by plaintiff that the lot was incumbered on the west by the easterly wall of an armory and that a retaining wall in the rear was erected in part upon the land adjoining to the north.

The defendant Graef is named as party defendant, since the chain of title disclosed that he had made grants of the premises to defendant Amicron Realty Company by full covenant and warranty deeds prior to the time title vested in plaintiff. The theory upon which the cause was tried by plaintiff is that immediately upon the delivery of the deeds by the defendant Amicron Realty Company the covenant against incumbrances was broken and the cause of action accrued. Plaintiff asserts that the measure of damages is the difference in value of the property with and without the incumbrances.

On the 24th day of October, 1922, before the present action was commenced, the H. & J. Realty Corporation entered into a party wall agreement with plaintiff and defendant Graef, as mortgagee, wherein it was provided that the " encroaching wall " could remain on the land of the H. & J. Realty Corporation as long as the building No. 1125 Boston road should stand. By the terms of the agreement plaintiff and its grantees, successors or assigns, are not prevented from tearing down the building, including the northerly wall. It also appears that prior to the commencement of this action plaintiff by a deed with full covenants sold the premises to one Mollie Goldberg and another.

Defendants do not dispute the fact that the covenant against incumbrances was broken if the armory wall did encroach upon the premises conveyed to plaintiff or if the rear retaining wall encroached upon the premises to the north. The point is made, however, that plaintiff failed to sustain its cause of action in that regard by proper proof. In view of the disposition I think should be made of this case, we can assume that there was sufficient in the record to show that the rear retaining wall and the armory wall were " incumbrances " within the true meaning of the word. Defendants, however, assert that the encroachment of the building wall on the adjoining lot to the north did not constitute an " incumbrance " within the meaning of that term as employed in the covenant against incumbrances.

In *Huyck* v. *Andrews* (113 N. Y. 81) Judge EARL said (p. 85) in part: " An incumbrance, within the terms of the covenant against incumbrances, is said to be ' every right to or interest in

the land, to the diminution of the value of the land, but consistent with the passage of the fee by the conveyance ' (*Prescott* v. *Trueman,* 4 Mass. 627)." There is authority, however, for the proposition that where a wall encroaches on land not conveyed, the covenant against incumbrances is broken.

In *Fehlhaber* v. *Fehlhaber* (80 Misc. 149) Mr. Justice SEABURY, in writing for the Appellate Term, in an opinion concurred in by Justices GERARD and BIJUR, said in part: " The encroachment of the building upon the adjacent land created a right in the owner of the adjacent land, which, while it did not interfere with the passage of the fee, did impair the value of the property conveyed by the defendant to the plaintiff. Under the circumstances disclosed by the record, the encroachment was material and substantial. It was, therefore, an incumbrance, and as such within the terms of the covenant." (See, also, *Hansen* v. *Pattberg*, 212 App. Div. 49.) However, in this case, when the party wall agreement was obtained the incumbrance as to the north wall of the building was removed.

In Sedgwick on Damages (Vol. 3 [9th ed.], 1999) we find the following expression of opinion, which should be given great weight: " The cases arising under the covenant against incumbrances resolve themselves into three general heads: *First,* where the incumbrance consists of a mortgage or other debt which is already due and which the plaintiff has paid off. *Second,* where the plaintiff has not discharged the incumbrance, though it might have been done. *Third,* where the incumbrance consists of a mortgage or lease not expired, or servitude of any description, which the plaintiff cannot discharge. In Massachusetts, the general rule has been laid down as follows: ' If the covenantee has fairly extinguished the incumbrances, he ought to recover the expenses necessarily incurred in doing it. If they remain and consist of mortgages, attachments, and such liens on the estate conveyed as do not interfere with the enjoyment of it by the covenantee, he can recover only nominal damages. But if they are of a permanent nature, such as the covenantee cannot remove, he should recover a just compensation, for the real injury resulting from their continuance.' And this seems the law as generally received. So in New York it was held, that if the plaintiff had actually extinguished the incumbrance, he was entitled to recover the amount so paid; but if not extinguished, that then he could only recover nominal damages; and the doctrine has been uniformly adhered to in that State."

There is no proof in the record as to the amount of money which was paid by plaintiff to obtain the party wall agreement, so that

the most plaintiff could recover from the defendants for procuring it would be merely nominal damages.

In regard to the incumbrances which remain, that of the armory wall and the rear retaining wall, any cause of action which might result therefrom was assigned to Mollie Goldberg and the other grantee at the time plaintiff delivered its full covenant and warranty deed to them. (*Geiszler* v. *DeGraaf*, 166 N. Y. 339.) While it is not disputed that the contract between plaintiff and Goldberg did contain a clause that the premises were sold " subject to any state of facts an accurate survey would show," still the deed made no such reservation.

I am of the opinion, therefore, that upon the proof submitted upon the trial plaintiff is only entitled to the direction of a verdict for nominal damages.