JOHN L. SULLIVAN, TAX COMMISSIONER *v.* EDWARD A. FANTONE, ADMINISTRATOR (ESTATE OF MARIETTA B. FANTONE)

SUPERIOR COURT     HARTFORD COUNTY     FILE NO. 130196

Memorandum filed April 17, 1964

*Harold M. Mulvey,* attorney general, *Robert J. Hale* and *Irving L. Levine,* tax department attorneys, for the plaintiff.

*Dowling & Cosgrove,* of Hartford, for the defendant.

BOGDANSKI, J. The plaintiff herein, in computing the taxes for the instant estate, disallowed all deductions which represented debts of last illness, funeral expenses and fees of a guardian ad litem for a minor, under the language of § 12-350 of the General Statutes, except for an amount of $262.66 which constituted the probate estate, i.e. the property which passed by the laws of intestacy. Pursuant to § 12-359(a) of the General Statutes, the defendant applied for and received a hearing at the Probate Court for the district of Hartford, which court entered an order ruling that all such deductions were allowable. From this order the commissioner has appealed.

The issue presented by this appeal is whether in the case of a taxable transfer other than by will or by the laws relating to intestate estate, such as a succession to a joint bank account, there is an allowable deduction for the debts of the decedent for last illness, funeral expenses and guardian's fees in ascertaining the net estate for purposes of taxation under chapter 216 of the General Statutes.

Section 12-344 provides in substance that the succession tax is imposed at various rates on "the net taxable estate." As to what constitutes the net estate, reference is made to § 12-350. There is found a clear demarcation of what the net estate is where the property is transferred other than by will or by the laws relating to intestate estates. The deductions there allowed are summarized as follows: (1) Liens subject to which the transfer is made, (2) debts of the decedent if it is judicially established that such transfer is subject thereto, (3) reasonable attorneys' fees, (4) fees of the court, (5) cost of probate bond, and (6) reasonable compensation of fiduciaries and appraisers. It would appear then that § 12-350 does not permit a deduction for

debts of last illness and funeral expenses when the property is transferred other than by will or the laws of intestacy. If deductions of this nature are to be allowed, they must rest upon the provisions of § 36-3a, as claimed by the defendant.

Section 36-3a was enacted in 1959 as part of title 36, the banking law of Connecticut. Public Acts 1959, No. 646. It provides in substance that the surviving owner of a joint bank account is liable for the debts of the last illness, the expenses of settling the estate, and funeral expenses to the extent of his fractional interest, provided the decedent left no other estate sufficient for the payment of such claims. This is a departure from the well-known principle that jointly held property is not subject to the individual debts of a deceased joint owner. The defendant contends that this statute, requiring the surviving owner of a joint bank account to answer for the debts of last sickness and funeral expenses, is superimposed upon § 12-350 so that such payments made by the survivor are deductible in ascertaining the net estate for purposes of taxation. This contention the court finds to be without merit.

The language of § 36-3a does not create a lien on the proceeds of a joint bank account in favor of funeral directors or those to whom payment is due for expenses of last illness. A lien is ordinarily security for a debt, duty or other obligation. *Hurley* v. *Boston R. Holding Co.*, 315 Mass. 591, 608. In the statute under consideration, the creditor has no security in the bank account, which became the property of the survivor on the moment of death. The statute does not expressly declare that certain persons shall have a lien on this joint account, nor does it give the creditor the right to hold the bank account subject to the claim or charge. These are

the ordinary attributes and qualities of a lien statute. *The Menominie,* 36 Fed. 197, 199. Nor can it be seriously contended that § 36-3a judicially establishes a debt by the decedent to the mortician or physician. To judicially establish is to order or enforce by a court or other legal tribunal. To judicially establish is also to judicially determine by a proper legal tribunal.

Defendant next claims that § 36-3a sets up a standard or definition for taxation which broadens and amplifies the taxing statute. This is also without merit, since this would amount to a type of repeal by implication. This doctrine is not favored in the law and is resorted to only where two statutes are repugnant. Such is not the case here. The object of § 36-3a was not to work a change in the succession tax law. It is not tax legislation. It came in under the banking law chapter to protect those who furnished services to a decedent who died with insufficient estate to satisfy such claim. It is the opinion of this court that § 36-3a was not legislatively designed to encroach upon the basis of taxation, that its language does not create a deduction as prescribed in § 12-350, and that the Probate Court erred in allowing the deductions claimed.

The appeal is hereby sustained, and the matter is remanded to the Probate Court with direction to take action in accordance with this opinion.