TERRY D. MAGUN ET AL. *v.* JAMES V. BOMBACI ET AL.

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE No. 209307
NEW HAVEN

Memorandum filed February 25, 1985

*Olmer, Krevolin & Donato,* for the plaintiffs.

*Gould, Larson, Reardon, Carr & Stanley,* for the defendants.

HIGGINS, J. The plaintiffs purchased the subject real estate, with dwelling house and improvements located thereon, by general warranty deed from the defendants on August 4, 1978. Among other provisions, the deed provided ". . . with the buildings and all other improvements *thereon.* . . ." (Emphasis added.) The premises were conveyed free and clear of all encumbrances, except as mentioned in the deed. The deed contained no reference to the location of the driveway and/or sewer lines, or any other improvement.

From the evidence, it is established that part of the driveway and portions of the sewer lateral line were, in fact, located on property adjacent to the subject premises. This is the condition that existed when the defendants purchased the property in 1973 from the Stone Construction Company and when they sold the property to the plaintiffs in 1978. The evidence does not establish that the defendants had any definitive information concerning the driveway and sewer line problems until after they sold the property to the plaintiffs.

The plaintiffs base their claim for damages on the theory in law that this factual situation raises a breach of the covenant against encumbrances.

An encumbrance includes every right to or interest in land which may subsist in third persons to the diminution of the value of the land, but consistent with the passing of the fee. *Aczas* v. *Stuart Heights, Inc.,* 154 Conn. 54, 60, 221 A.2d 589 (1966). It must be a lawful claim or demand enforceable against the grantee. *Staite* v. *Smith,* 95 Conn. 470, 472, 111 A. 799 (1920). The location of the driveway and sewer lines partially on

the property belonging to another does not constitute an encumbrance against the fee herein conveyed.

The habendum clause in the deed granted to the plaintiffs "the above . . . bargained premises with the appurtenances thereof. . . ." The plaintiff claims that sewer and driveway that encroach or are located on another's property are so related to the reasonable use of the bargained for property that they constitute appurtenances thereof. In effect, the plaintiffs claim that the defendants' lack of ownership of a portion of these alleged appurtenances constitutes an encumbrance on the property conveyed.

For something to pass appurtenant to land, two conditions must be satisfied: it must be something (1) which the grantor has the power to convey; and (2) which is reasonably necessary to the enjoyment of the thing granted. *Gager* v. *Carlson,* 146 Conn. 288, 292–93, 150 A.2d 302 (1959); *Whittelsey* v. *Porter,* 82 Conn. 95, 101, 72 A. 593 (1909). Although the evidence would satisfy the second prong of this test, the defendants in no way had any power to convey that part of the driveway and sewer line located on property of another.

It is evident that this situation has resulted from misapprehension of the parties as to what the actual factual situation was. The complaint in no sense raises any question of fraud or misrepresentation, nor, indeed, does the evidence tend to sustain any such theory of recovery.

The court recognizes that there are cases that appear to hold that the encroachment of a building on the purchaser's land upon adjacent property does constitute a violation of the covenant against encumbrances. *Jones* v. *Carlson,* 17 Conn. Sup. 109 (1950); *Gamorsil Realty Corporation* v. *Graef,* 128 Misc. 596, 597, 220 N.Y.S. 221 (1926); *Fehlhaber* v. *Fehlhaber,* 80 Misc. 149, 150, 140 N.Y.S. 973 (1913). It appears, however, that the

result in *Burke* v. *Nichols,* 1 Abb. App. 260 (N.Y. 1866), is more nearly in conformity with Connecticut precedent as spelled out in *Whittelsey.* In that case, the house on the conveyed property encroached on adjoining land. The purchaser claimed that this encroachment constituted a breach of the covenants of the deed. That court disagreed and held that the rule was that land does not pass as an appurtenant to land. Since the adjoining land was not conveyed or described by the deed, the plaintiff had no claim against the defendant by reason of the failure of title to that portion of the house and fence that stood thereon. The court noted that no action could have been maintained for the breach of any of the covenants of the deed.

This court opines that this may be the core reason why many wise purchasers require a survey to establish the location of the improvements on land sought for purchase.

Accordingly, this court concludes that the evidence fails to establish a cause of action upon which relief can be granted. Judgment is hereby rendered in favor of the named defendants.