[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR DETERMINATION OF PRIORITIES
On February 19, 1982, plaintiffs Stuart and Marilyn Wickson sold real property then owned by them in Ledyard, Connecticut, to defendant, Vincent Burruano (hereinafter referred to as "Burruano"), and took back a mortgage from Burruano on the Ledyard property in the amount of $152,000. The mortgage deed was recorded February 23, 1982, in the Ledyard land records in Vol. 124 at page 172.
By security agreement dated either March 26, 1981 or February 19, 1982, Vin's Auto Center, Inc. granted a security interest in business equipment, inventory and fixtures to the plaintiffs for receipt of $38,000. This agreement named Burruano as guarantor. A financing statement allegedly perfecting the security interest was recorded in the Ledyard land records February 24, 1982 in Vol. 124 at page 177. The security agreement makes reference to the above mortgage, but by its terms is a separate and distinct agreement. The mortgage makes no reference to the security agreement.
Plaintiffs filed an amended complaint January 31, 1990, alleging in a single count that defendant Burruano has defaulted on the mortgage and the plaintiffs are exercising their option, as set out in the mortgage, to declare the entire balance due and payable. Plaintiff named subsequent and subordinate lenders and lien holders as additional defendants to the action.
Defendant New England Savings Bank (hereinafter referred to "NESB"), which holds two mortgages on the Burruano Ledyard property recorded August 1, 1984 in the Ledyard land records in Vol. 138 at page 241, and May 27, 1986 in the Ledyard land records in Vol. 152 at page 841, filed a disclosure of defense to plaintiffs' foreclosure action on October 3, 1989, arguing that its mortgages have priority over plaintiffs' security agreement in defendant Burruano's fixtures.
Plaintiffs' filed a motion for determination of priorities between itself and defendant NESB.
Defendant NESB raises the following three issues in CT Page 6294 claiming that its mortgages have priority over plaintiffs' security interest in defendant Burruano's fixtures: (1) NESB claims that plaintiffs' financing statement is insufficient because it does not include the secured party's (plaintiff's) address; (2) NESB claims that plaintiffs' financing statement is insufficient because it does not give a correct description of the location of the secured fixtures; and (3) NESB claims that plaintiffs' fixture filing has lapsed as to NESB's mortgages.
THESE ISSUES WILL BE DISCUSSED SERIATIM.
(1) NESB CLAIM THAT PLAINTIFFS' FINANCING STATEMENT IS INSUFFICIENT BECAUSE IT DOES NOT INCLUDE THE SECURED PARTY'S (PLAINTIFFS') ADDRESS.
A financing statement is sufficient if it, along with other requirements, provides an address of the secured party from which information concerning the security interest may be obtained. Connecticut General Statutes section 42-9-401 (1). Plaintiffs' financing statement, recorded in the Ledyard land records at. Vol. 124, page 177, does not provide an address of the secured party (plaintiffs). Plaintiffs argue that this omission is a minor error which is not seriously misleading and within the scope of section 42a-9-402 (8), because the debtor's address is provided, and any subsequent creditor could contact debtor regarding this financing statement. Plaintiffs argue that the information provided is adequate to put subsequent lenders on notice.
The lack of a secured party's address on a financing statement has been held to be a fatal defect under UCC sec. 9-402 (1) (comparable to Connecticut General Statutes section 42-9-402 (1)). See Strevell-Paterson Finance Co. v. May,422 P.2d 366 (Super.Ct. N.M. 1967). "The financing statement itself indicates merely that plaintiff may have a security interest in the collateral described. Further inquiry from the parties concerned will be necessary to disclose the complete state of affairs." UCC sec. 9-402, Comment 2. "If the secured party's address does not appear it would be an undue burden on the person seeking such information to find him. The filing system will perform its intended function only if secured part substantially complies with the requirements of . . Sec. 9-402 (1)." Strevell-Paterson, 422 P.2d at 369-70.
The court therefore concludes that the plaintiff's financing statement is insufficient because it does not include plaintiffs' (the second party) address.
(2) NESB CLAIM THAT PLAINTIFFS' FINANCING STATEMENT CT Page 6295 IS INSUFFICIENT BECAUSE IT DOES NOT GIVE A CORRECT DESCRIPTION OF THE LOCATION OF THE FIXTURES.
Plaintiffs' financing statement lists the types of property it covers and states that the property is located at defendant Burruano's address in Niantic (East Lyme), Connecticut, and provides a detailed description of that property. The financing statement states that the filing is a fixture filing and is to be recorded in the Ledyard, Connecticut land records. Neither the address given of the location of the fixtures covered under the fixture filing nor the description of its location is the true location of the fixtures listed in the financing statement. The parties agree that such fixtures are located at Burruano's business in Ledyard, Connecticut. Plaintiffs argue that this misinformation is a minor error which is not seriously misleading and is within the scope of section 42a-9-402 (8). Plaintiffs assert that the financing statement should be read together with plaintiffs' mortgage to Burruano, which provides an accurate address and description of the Ledyard real property where the business equipment, inventory and fixtures covered in the security agreement are located. A financing statement filed as a fixture filing "shall contain a description of the real estate (where the fixtures are located) sufficient if (the description) were contained in a mortgage of the real estate under the law of this state." Connecticut General Statutes section 42a-9-402(5) (rev'd to 1989). "The proper test is that a description of real estate must be sufficient so that the fixture financing statement will fit into the real estate search system and the financing statement be found by a real estate searcher." Connecticut General Statutes section42a-9-402 Uniform Commercial Code Comment 5. A description of real estate in a fixture filing statement must be sufficient to identify the real estate it described. Connecticut General Statutes section 42a-9-402 UCC Comment 5.
As stated earlier, the plaintiffs' financing statement states that the property is located at the defendant Burruano's address in East Lyme, Connecticut, while the mortgage being foreclosed by the plaintiffs is on the defendant Burruano's Ledyard property.
The description of real property contained in plaintiffs' financing statement does not conform to Connecticut General Statutes section 42a-9-402 (5) in that it does not describe the location of the business equipment and fixtures set out in the financing statement. This nonconformity is not a minor error within the contemplation of Connecticut General Statutes section 42a-9-402 (8). CT Page 6296
The Court therefore concludes that the plaintiffs' financing statement is insufficient because the description of the real property where the business equipment and fixtures are located would not alert someone searching the land records of the fixture filing encumbrance on the subject property.
(3) NESB CLAIM THAT PLAINTIFFS' FIXTURE FILING HAS LAPSED AS TO NESB'S MORTGAGES.
"A filed financing statement is effective for a period of five years from the date of filing. The effectiveness of a filed financing statement lapses on the expiration of the five-year period unless a continuation statement is filed prior to the lapse." Connecticut General Statutes section42a-9-403 (2). Plaintiffs concede that they did not file a continuation statement of their financing statement as required by Connecticut General Statutes Section 42a-9-403 (2). A "security interest becomes unperfected when filing lapses." Connecticut General Statutes section 42a-9-403 UCC Comment 3. "If a security interest becomes unperfected upon lapser it is deemed to have been unperfected as against a person who became a purchaser or lien creditor before lapse." Connecticut General Statutes section 42a-9-403 (2).
Plaintiffs argue that although their security interest lapsed, NESB does not gain priority over plaintiffs to the property that both parties have an interest in under section 42a-9-403 (2) because NESB is neither a "purchaser" nor a "lien creditor". Under section 42a-9-301, "lien creditor" is defined as "a creditor who has acquired a lien on the property involved by attachment, levy or the like." Connecticut General Statutes section 42a-9-301 (3) (emphasis added). "Lien" has been defined as
 A charge against property, either real or person, for the payment or discharge of a particular debt or duty in priority to the general debts or duties of the owner; an encumbrance upon property as security for the payment of a debt. . . .(I)t is used to designate all the various charges of debts upon land or personalty, not connected with nor dependent on possession, which are created by statute, or recognized in chancery. . . .Thus, there is the lien of a judgment, of an execution, of a partner, of a legal or equitable mortgage. . . .
51 American Jurisprudence 2d, Liens Sec. 1, pp. 142-43 (emphasis added). Liens, mortgages and pledges, while differing in many CT Page 6297 respects, are somewhat analogous, and in everyday parlance the term "lien" includes a mortgage or pledge. 51 Am.Jur.2d, Liens sec. 3, p. 144. A mortgage has been described as a conveyance of property as security for the payment of a debt for the performance of some other obligation. Guilford-Chester Water Co. v. Guilford, 107 Conn. 519, 527 (1928). A lien is ordinarily security for a debt, duty or other obligation. Sullivan v. Fantone, 25 Conn. Sup. 248, 250 (1964).
This Court holds that NESB falls within the definition of "lien creditor" under Connecticut General Statutes section42a-9-301 (3), and therefore when plaintiffs' fixture filing lapsed, it became unperfected under section 42a-9-403 (2) and NESB's mortgage took priority over it.
ORDER
The two mortgages held by New England Savings Bank have priority over the plaintiffs' security agreement in the defendant Burruano's fixtures.
AXELROD, J.