[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action in three counts brought by Arthur W. Utay against G.C.S. Realty, LLC (hereinafter Neary). Count One seeks to quiet title to a piece of land owned by Neary. Count two claims a prescriptive easement. Count three claims an easement by implication.
The facts are as follows. On December 21, 1998, Arthur Utay purchased the property known as 482 Main Street in South Windsor, Connecticut. The property consisted of 1.5 acres of land, a single family home and a detached barn/garage. The property has approximately 185 feet of frontage on Main Street.
In November 1999, Neary purchased the abutting property located to the south known as 474 Main Street. The property consisted of vacant land having 125 feet of frontage on Main Street. The regulations of the Town of South Windsor require 125 feet of frontage. Both the plaintiff and defendant purchased their property from the Luchina family, Peter Luchina, Frances Zera, Arlene Martocci and Robert Luchina.
The issue before the court concerns a portion of Neary's land which CT Page 12879 runs from approximately five feet in front of the Utay garage/barn to Main Street.
In 1979 the properties that are central to this dispute were owned in common by David and Lucy Luchina. At that time the property was surveyed and a subdivision of the land was approved and a map entitled "Property of David and Lucy G. Luchina, 482 Main Street, South Windsor, Connecticut, Emil W. Lucek Associates, Scale 1"=40' Date 6-19-1979 Certified Substantially Correct", was filed in the land records of the Town of South Windsor as Map 41-B. Plaintiff's lot is depicted as Lot 1 and defendant's as lot 2. A barn or garage is depicted on Lot 1 as being 17 feet more or less northerly of the south boundary line of Lot 1.
In 1996, Frances Zera, Arlene Martocci, Peter Luchina and Robert Luchina, the successors in interest to David and Lucy Luchina, had another survey performed which determined that the boundary line between Lots 1 and 2 was in error and that the true boundary line bisected the garage/barn shown on Lot 1. The surveying firm, Design Professionals, Inc. determined the property line also bisected the driveway that provided access to the garage/barn and, placed an iron pin in the driveway and nail with flagging above the door in the garage/barn. The Design Professionals, Inc. survey, entitled "Building Location Map, Zoning Compilation Plan Prepared for Peter Luchina 482 Main Street South Windsor Connecticut Sheet 1 of 1 Date: July 12, 1996" was not filed in the South Windsor Land Records and does not show the encroachment of the driveway onto Lot 2. Subsequently Lots 1 and 2 were marketed for sale.
The conveyance to Utay on December 21, 1998, does not include any mention of the driveway encroachment or specifically grant an easement in favor of Utay to use the driveway where it encroached on Lot 2.
Utay is an aeronautical engineer and describes himself as a capable builder. He drafted the plot plan submitted to the Town of South Windsor as part of his application to build a new barn in his back yard.
Utay claims his real estate agent never advised him of the fact that the entire area in front of the barn was not part of 482 Main Street. He further claims that he did not see the property boundary pin in the driveway. He also claims he did not see the surveyor's ribbon on the barn. Utay was represented by counsel and at the closing advised the attorneys that the deed description was in error; and, that the error concerned the variance the Luchina's had obtained to place the barn/garage entirely on the property located at 482 Main Street. The deed had to be revised to add the 10 foot by 40 foot "Jog". Utay claims no knowledge of the correct property line until after Neary purchased his property. CT Page 12880
In fact, the plot plan created by Utay for submission to the Town in June of 1999, drew the boundary line accurately reflecting the jog around the barn. That map clearly shows the property boundary running in front of the barn through the driveway. Neary bought the property in December of 1999. Yet Utay claims he did not realize the situation until after Neary bought the property.
Luchina had the property surveyed and pinned in 1996. A marker was placed on the barn showing that the property line ran through it. This was well before Utay viewed the property. Luchina made it clear to the real estate agent, Wayne Brewer, where the boundaries were and the problem with the barn and the need for the variance. Brewer was given a copy of the new survey which correctly outlined the boundary.
Luchina, the seller did not intend to convey to Utay an easement over what had become Neary's property. When the Luchina family obtained the variance to allow a jog to be created to put the barn/garage on 482 Main Street, they could have simply redrawn the line. They did not do so.
The first count pleads an action to quiet title. In an action to quiet title, the plaintiff must stand on the strength of his own title. Tierneyv. Second Eccl. Soc., 103 Conn. 332 (1925). "In determining a boundary line in a deed, the law is clear that the description in the deed, if clear and unambiguous must be given effect. In such a case, there is no room for construction. The inquiry is not the intent of the parties but the intent which is expressed in the deed. (citations omitted)."Koennicke v. Maiorano, 43 Conn. App. 1, 10 (1996).
It is plaintiff's position that the driveway rights existed at the time of the conveyance and passed as an appurtenance to the warranty deed to plaintiff. For something to pass appurtenant to land, it must be something which the grantor has the power to convey and which is reasonably necessary to the enjoyment of the thing granted. See Gager v. Carlson,146 Conn. 288 (1959), Magun v. Bombaci, 40 Conn. Sup. 269 (1985). There is no basis whatsoever for this court to find that the grantor Luchina conveyed to Utay more than the property described in the deed. Luchina's testimony was that the deeds stated what he was giving to Utay and Neary. When Luchina got the variance for the barn/garage overlap he specifically limited the overlap area to the confines of the barn/garage. As for it being reasonably necessary to the enjoyment of the thing granted, this court has concluded on the facts found that it was not. This issue is addressed further when the court addresses count two.
Finally, the plaintiff contends that there is a latent ambiguity arising from extraneous or collateral facts that make the meaning of the CT Page 12881 deed uncertain though its language is clear and unambiguous on its face, citing Heyman Associates No. 1 v. Ins. Co. of Pennsylvania, 231 Conn. 756
(1995). Plaintiff's reliance on this case is misplaced. The Heyman court in dealing with the language of an insurance policy opines that the determinative question is the intent of the parties, as to what coverage the insured expected to receive and what the insurer was to provide, as disclosed by the provisions of the policy; that, if the terms of the policy are clear and unambiguous, than the language from which the intention of the parties is to be deduced, must be accorded its natural and ordinary meaning. "Indeed, `courts cannot indulge in a forced construction ignoring provisions or so distorting them as to accord a meaning other than those evidently intended by the parties. (citations omitted)'" Hyman Associates No. 1. v. Ins. Co. of Pennsylvania, supra
at 771.
This court finds there was no ambiguity in the boundaries delineated in the deed. The fact that the driveway is not mentioned specifically in the deed does not make the deed ambiguous.
For the reasons stated this court concludes that the plaintiff has failed to prove by a preponderance of the evidence his claim that he has title to the driveway in its entirety.
Utay seeks a reformation of Neary's deed creating an easement over Neary's property in favor of Utay. He claims entitlement by necessity or implication. In determining whether an easement by implication has arisen, the court must consider the intention of the parties and whether the easement is necessary for the use and normal enjoyment of the property. Gemmell v. Lee, 59 Conn. App. 572, 575 (2000). In general, fair use is considered access. D'Addario v. Truskoski, 57 Conn. App. 236, 242
(2000). In the instant case there is access to the rear of the property through the driveway which begins at Main Street. The concern the plaintiff has is that he has difficulty in maneuvering his car into the far right portion of the barn/garage in which he has chosen to keep his two cars and a truck. A new structure went up after Utay purchased the property. In this he houses an airplane and has a workshop.
In his letter to Shirley Duchette of Prudential Connecticut Realty dated December 6, 1998, Utay referred to the inspection report prepared by Paul Colasanto noting that the garage, based on this report and Utay's own visual inspection, was of marginal integrity and most probably would require substantial repairs or replacement. Utay noted in this letter that the previous owner never left cars in that barn.
Utay chose to leave the barn up and to use it as a garage knowing that part of the structure joged into his next door neighbor's land, and that CT Page 12882 part of his driveway encroachment on Neary's land. He now seeks to gain rights in the portion of the driveway leading up to the far right of the barn so that he can get one of his three cars in to the far right portion of the barn/garage.
The frontage to Utay's property on Main Street is 18.5 feet. The frontage to Neary's property on Main Street is the minimum 125 feet. An easement over a portion of the 125 feet frontage creates a burden on that land which is not warranted under the facts of this case.
There is no necessity here as far as Utay's property is concerned. He has full and complete access to his property. Utay knew about the property lines before Neary bought the property as evidenced by his application to the zoning board when he applied to put up another building on his land. He could have built it as a garage for his cars but chose not to. He cannot be heard to complain now that he needs to access his cars to this building which he himself termed a structure of marginal integrity which the previous owners did not keep their cars an. ". . . an easement by implication does not arise by mere convenience or economy, but exists because of some significant or unreasonable burden as to access that demands the easement's presence." Pender v. Matrange,58 Conn. App. 19, 26-27, (2000).
In support of his claim of easement by implication the plaintiff citesSchultz v. Baker, 15 Conn. App. 696 (1988). And, most particularly the following language:
 "In this state, the law regarding easements by implication arising out of the severance of title of two adjoining or commonly owned property is well settled. Where, during the unity of title, an apparently prominent and obvious servitude is imposed on one part of an estate in favor of another, which at the time of the severance is in use, and is reasonably necessary for the fair enjoyment of the others, then, upon a severance of such ownership . . . there arises by implication of law a . . . reservation of the right to continue such use . . . [I]n so far as necessity is significant, it is sufficient if the easement is highly convenient and beneficial for the enjoyment of the dominent estate." (Internal quotation marks omitted.) Schultz v. Barker, at 700-701.
Plaintiff's reliance on Schultz is misplaced. The plaintiff himself termed the barn/garage of marginal integrity and noted in the letter to his realtor that the previous owners never left cars in that barn. In CT Page 12883Schultz, the plaintiff (Schultz) sought to enjoin the defendant (Baker) from blocking a right-of-way over certain of the defendant's real property by which the plaintiff gained access to her beachfront property that adjoined the defendant's property. The defendant filed a counterclaim seeking reformation of the deeds to both properties to indicate a right-of-way providing the defendant with access to the beach. The trial judge ruled in favor of the plaintiff, Schultz, on the counterclaim concluding that the defendant failed to establish an easement of necessity over the plaintiff's property as the use sought was not reasonably necessary for the fair enjoyment of the defendant's property since he had convenient beach access over his property.
In the instant case the plaintiff Utay has similarly failed to establish that the use sought of Neary's property is necessary for the fair enjoyment of his property. Accordingly, the court finds that Utay has failed to prove by a preponderance of the evidence that he is entitled to an easement by necessity or implication over the defendant's property.
The plaintiff goes on to claim, in the alternative a prescriptive easement. "The well established statutory elements necessary to establish an easement by prescription are that the use is `(1) open and visible, (2) continuous and uninterrupted for fifteen years, and (3) engaged in under a claim of right.' (citations omitted." Faught v. EdgewoodCorners, Inc., 63 Conn. App. 164, 168 (5/1/01)
Utay's claim is premised on tacking successive possessions for the acquisition of title after fifteen years, citing Smith v. Chapin,31 Conn. 530 (1863), for this proposition. Utay relies on the deposition testimony of one of the common grantors and a predecessor in title to Utay, Peter Luchina that there was continuous use of the driveway by its common owners for a period in excess of fifty years. However, "the prescriptive period does not begin to run if the dominant and servient estates are under the same ownership. Whiting v. Gaylord, 66 Conn. 337,344, 34 A. 85 (1895)." Stiefel v. Lindemann, 33 Conn. App. 799 (1994).
Connecticut General Statutes § 47-37 reads as follows: No person may acquire a right-of-way or any other easement from, in, upon or over land of another, by the adverse use or enjoyment thereof, unless the use has been continued uninterrupted for fifteen years.
The statute requires that the adverse use be over the land of another. To acquire an easement by prescription, the use of the property must be adverse.
For the reasons stated the court finds that the plaintiff has failed to CT Page 12884 prove by a preponderance of the evidence that he has a prescriptive easement over the property of the defendant. Accordingly judgment may enter for the defendant on the third count.
Judgment may enter in favor of the defendant G.C.S. Realty, LLC against the plaintiff, Arthur W. Utay as to counts one, two and three.
Hennessey, J.