[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The sole issue before the court is whether an anti-blight lien, recorded on September 16, 1999, takes precedence over a mortgage, recorded on April 4, 1989.
An anti-blight lien, recorded on September 16, 1999, does not take precedence over a mortgage, recorded on April 4, 1989.
The plaintiff, the City of Derby, filed a one count complaint on February 1, 2001, seeking a foreclosure of an anti-blight lien it holds on a property owned by the defendant, Zaim Murtishi. The complaint also names Derby Savings Bank n/k/a Webster Bank (Derby Savings) and Birmingham Utilities, Inc. (Birmingham) as defendants, and alleges that these defendants hold encumbrances or liens on the property that are subsequent in right to the plaintiff's anti-blight lien.
The complaint alleges the following facts: Murtishi is the owner of property known as 7-9 Cottage Street, Derby, Connecticut (the property). The property is subject to a mortgage held by Derby Savings and recorded on the Derby land records on April 4, 1989; a certificate of water lien held by Birmingham and recorded on the Derby land records on July 28, 1995; a judgment lien also held by Birmingham and recorded on the Derby land records on August 7, 1996; and an anti-blight lien held by the plaintiff and recorded on the Derby land records on September 16, 1999. The plaintiff alleges that the mortgage held by Derby Savings and the liens held by Birmingham are subsequent in right to the plaintiff's anti-blight lien.
On April 30, 2001, Derby Savings filed an answer and special defense. In its special defense, Derby Savings alleges that its mortgage is prior in right to the plaintiff's anti-blight lien.
On October 3, 2001, the plaintiff responded by filing this motion to CT Page 15332 strike Derby Savings' special defense on the ground that the application of General Statutes § 7-148aa renders the mortgage subsequent in right to the plaintiff's anti-blight lien. The plaintiff has filed a memorandum of law in support of its motion to strike. Derby Savings has filed an objection and a memorandum of law in opposition to the plaintiff's motion to strike.
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." (Internal quotation marks omitted.) Danbury v. Dana Investment Corp., 249 Conn. 1, 17, 730 A.2d 1128
(1999); see also Practice Book § 10-50. "A party wanting to contest the legal sufficiency of a special defense may do so by filing a motion to strike." Barasso v. Rear Still Hill Road, LLC, 64 Conn. App. 9, 13,779 A.2d 198 (2001); see also Practice Book 10-39(a).
"A motion to strike challenges the legal sufficiency of a pleading, and, consequently, requires no factual findings by the trial court." (Internal quotation marks omitted.) Macomber v. Travelers Property Casualty Corp., 261 Conn. 620, 629, ___ A.2d ___ (2002). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis in original; internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 588, 693 A.2d 293 (1997). When presented with a motion to strike special defenses, the court must "take the facts to be those alleged in the special defenses and . . . construe the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut National Bank v. Douglas, 221 Conn. 530, 536,606 A.2d 684 (1992). "[I]f the facts provable under its allegations would support a defense . . . the motion to strike must fail." (Internal quotation marks omitted.) Clohessy v. Bachelor, 237 Conn. 31, 33 n. 4,675 A.2d 852 (1996).
In its motion to strike, the plaintiff argues that General Statutes § 7-148aa grants its anti-blight lien precedence over the mortgage encumbrance held by Derby Savings because the mortgage is an encumbrance. Derby Savings counters that § 7-148aa only grants anti-blight liens precedence over mortgages that were filed after July 1, 1997. Derby Savings argues that because its mortgage was filed before July 1, 1997, the plaintiff's anti-blight lien does not take precedence over its mortgage.
Thus, this court must determine which interpretation the legislature intended in enacting § 7-148aa. "It is an axiom of statutory construction that legislative intent is to be determined by an analysis CT Page 15333 of the language actually used in the legislation. . . . [W]hen the language of a statute is plain and unambiguous, we need look no further than the words themselves because we assume that the language expresses the legislature's intent." Rizzo Pool Co. v. Del Grosso, 240 Conn. 58,73-74, 689 A.2d 1097 (1997). "[L]egislative intent is to be found, not in what the legislature intended to say, but in the meaning of what it did say. . . . We must construe a statute without reference to whether we feel that it might be improved by adding to it or interpreting it differently. . . . It is our duty to apply the law, not to make it." (Citations omitted; internal quotation marks omitted.) Commissioner ofAdministrative Services v. Gerace, 40 Conn. App. 829, 832-33, 673 A.2d 1172
(1996), appeal dismissed, 239 Conn. 791, 686 A.2d 993 (1997).
The language of § 7-148aa provides in relevant part: "Any unpaid fine imposed by a municipality pursuant to the provisions of an ordinance regulating blight, adopted pursuant to subparagraph (H) (xv) of subdivision (7) of subsection (c) of section 7-148 shall constitute a lien upon the real estate against which the fine is imposed from the date of such fine. . . . Each such lien shall take precedence over all other liens filed after July 1, 1997, and encumbrances except taxes and may be enforced in the same manner as property tax liens." This court must therefore determine whether the mortgage is a lien or an encumbrance.
"Liens, mortgages and pledges, while differing in many respects, are somewhat analogous, and in everyday parlance the term "lien' includes a mortgage or pledge. 51 Am.Jur.2d, Liens sec. 3, p. 144. A mortgage has been described as a conveyance of property as security for the payment of a debt for the performance of some other obligation. Guilford-ChesterWater Co. v. Guilford, 107 Conn. 519, 527 (1928). A lien is ordinarily security for a debt, duty or other obligation. Sullivan v. Fantone,25 Conn. Sup. 248, 250 (1964)." Wickson v. Burruano, Superior Court, judicial district of New London, Docket No. 511116 (July 31, 1991,Axelrod, J.). Nevertheless, a mortgage also falls with in the definition of "encumbrance" because it is a "right or interest in land which may subsist to the diminution of the value of the land . . . Aczas v. StuartHeights, Inc., 154 Conn. 54, 60, 221 A.2d 589 (1966)." Magun v. Bombaci,40 Conn. Sup. 269, 270, 492 A.2d 235 (1985). Thus, the language of §7-148aa is ambiguous because a mortgage is both a lien and an encumbrance.
Given this ambiguity, the court must turn to other "compelling principles of statutory construction [which] require us to construe a statute in a manner that will not thwart [the legislatures] intended purpose or lead to absurd results. . . . We must avoid a construction that fails to attain a rational and sensible result that bears directly on the CT Page 15334 purpose the legislature sought to achieve. . . . If there are two possible interpretations of a statute, we will adopt the more reasonable construction over one that is unreasonable." (Internal quotation marks omitted.) John Badolato v. New Britain, 250 Conn. 753, 757, 738 A.2d 618
(1999).
The more reasonable interpretation of § 7-148aa is that the mortgage is a lien, and thus takes precedence over the plaintiff's anti-blight lien. Under this interpretation, the mortgage would take precedence over the liens held by Birmingham as the mortgage was filed before July 1, 1997, and before Birmingham filed its liens. In turn, the liens held by Birmingham would take precedence over the anti-blight lien held by the plaintiff as Birmingham's liens were filed before July 1, 1997, and before the plaintiff filed its lien. This interpretation results in the documents being given priority on the basis of when they were filed. Furthermore, this interpretation allows documents that were filed before the effective date of the statute to retain their priority.[1]
For the foregoing reasons, the plaintiff's motion to strike is denied.
THE COURT
CURRAN, J.