ADAM LOCKHART AND U. B. BLALOCK, RECEIVERS OF SOUTHERN SAVINGS BANK, AND JOHN W. GULLEDGE, TRUSTEE, v. GEORGE R. PARKER, EXECUTOR OF MRS. M. E. PARKER, AND W. L. MARSHALL, ADMINISTRATOR D. B. N., C. T. A., OF JOHN T. PATRICK, AND F. H. HIGHTOWER, RECEIVER OF DIXIE DEVELOPMENT COMPANY.

(Filed 31 January, 1925.)

**Deeds and Conveyances — Personal Covenants — Warranties—Breach— Covenants Running with Land.**

Where, in his deed to lands, the grantor, for himself and heirs, covenants with the grantee, a corporation, its successors and assigns, that he is seized in fee simple of the lands, with right to convey the fee simple free, clear of encumbrance, with warranty to defend the said title against

lawful claims: *Held*, the covenant and warranty do not run with the land, but are personal to the grantee, and action thereon may be brought by him upon the delivery of the deed when there is a mortgage then existing against the title; and when the grantee has, in like deed of covenant and warranty, conveyed the title to another, such other person may not maintain an action against the original covenantor or warrantor for damages arising from the breach of his covenant and warranty.

APPEAL by plaintiffs from judgment rendered by *Lane, J.,* at September Term, 1924, of ANSON.

The facts alleged in the complaint, pertinent to appellant's assignment of error, are as follows:

1. On 27 October, 1911, John T. Patrick, in consideration of the sum of $12,500, conveyed by deed a tract of land described therein to the Dixie Development Company, a corporation, in fee simple; in said deed John T. Patrick, for himself, his heirs, executors and administrators, covenanted to and with the Dixie Development Company, its successors and assigns, "that he was seized of the above-described tract of land in fee simple, and had the right to convey the same in fee simple; that the same was free and clear of any and all encumbrances, and that he would forever warrant and defend the title to the same against the lawful claims of all persons whomsoever."

2. On 3 February, 1913, the Dixie Development Company, for the purpose of securing payment of its note for $5,000, due on or before 1 January, 1914, payable to the order of the Southern Savings Bank, conveyed by deed of trust the said tract of land to John W. Gulledge, trustee; in said deed of trust the Dixie Development Company covenanted to and with John W. Gulledge, trustee, his successors and assigns that "it was the owner of and was seized of said premises in fee, and that it had the right to convey the same in fee simple; that the same was free and clear from any and all encumbrances, and that it would forever warrant and defend the title to the same against the lawful claims of all persons whomsoever."

3. At the date of the deed from John T. Patrick to the Dixie Development Company, to wit, 27 October, 1911, there was outstanding a mortgage on said land, executed by John T. Patrick to John R. Little and H. W. Little, dated 25 September, 1909, duly recorded in the office of the register of deeds of Anson County; none of the notes secured in said mortgage was due on said date.

4. On 8 February, 1915, an action was begun in the Superior Court of Anson County by L. L. Little, executor of John R. Little and H. W. Little against John T. Patrick and F. M. Hightower, receiver of the Dixie Development Company, for the foreclosure of the mortgage executed by John T. Patrick to John R. Little and H. W. Little, default having been made in the payment of the first note secured therein, the

said note having become due on 1 November, 1913; the said land was sold under a decree rendered in said action, and Mrs. M. E. Parker was the last and highest bidder for said land at said sale; said sale, having been confirmed by a decree of court, the commissioners appointed therein conveyed the said land to Mrs. M. E. Parker; the sum bid for said land, to wit, $7,400, was exhausted by the payment of the notes and interest therein, secured in said mortgage, and the costs of the action, leaving no surplus.

5. John T. Patrick, who executed the mortgage to John R. Little and H. W. Little, and who conveyed the said land to the Dixie Development Company, was living at the date of the sale and conveyance of the same, under the decree of foreclosure, to Mrs. M. E. Parker. He furnished the purchase money, the amount of her bid, and was the real purchaser of said land. Mrs. M. E. Parker, the bidder to whom the land was conveyed, furnished no part of said sum.

6. Plaintiffs, Adam Lockhart and U. B. Blalock, are the receivers of the Southern Savings Bank, and as such receivers are now the owners of the note for $5,000, executed by the Dixie Development Company, payable to the order of the Southern Savings Bank and secured in the deed of trust to John W. Gulledge, trustee. Interest has been paid on said note to 1 January, 1915, and said note, with interest from said date, is now due and unpaid.

7. John T. Patrick has died since the institution of this action, and W. L. Marshall has been duly appointed and is now his duly qualified administrator *d. b. n., c. t. a.* Mrs. M. E. Parker is now dead, and George R. Parker is her duly qualified executor. F. M. Hightower is the duly appointed and duly qualified receiver of the Dixie Development Company. The land described in said deeds and deed of trust was at the dates of the same respectively, and is now, worth more than $5,000.

8. The covenants and warranties in said deed from John T. Patrick to the Dixie Development Company, and in the deed of trust from Dixie Development Company to John W. Gulledge, trustee, were false, and the Southern Savings Bank has been damaged by and on account of said false covenants and warranties in the sum of $5,000, with interest from 1 January, 1915.

Plaintiffs demand judgment that they recover of F. M. Hightower, receiver of Dixie Development Company, and W. L. Marshall, administrator of John T. Patrick, the sum of $5,000, with interest from 1 January, 1915, for costs and for such other and further relief as to the court may seem proper.

Defendants George R. Parker, executor, and W. L. Marshall, administrator, demurred *ore tenus* to the complaint and moved that the action

be dismissed as to them, for that no cause of action is set out in the complaint against them or either of them. Demurrer was sustained and action dismissed as to them. Plaintiffs excepted and appealed to the Supreme Court. The action was continued as to defendant F. M. Hightower, receiver of Dixie Development Company, with leave to file answer.

*Fred J. Coxe and H. P. Taylor for plaintiffs.*
*McLendon & Covington, and Robinson, Caudle & Pruette for defendants.*

CONNOR, J. Plaintiffs seek to recover of F. M. Hightower, receiver of Dixie Development Company, damages, which they allege they have sustained as a result of (1) a breach of a covenant against encumbrances, and (2) a breach of a covenant of general warranty against the lawful claims of all persons whomsoever, both said covenants being included in a deed by which Dixie Development Company conveyed the land described therein to plaintiff John W. Gulledge, trustee, to secure a note now owned by his coplaintiffs, receivers of Southern Savings Bank. Defendant F. M. Hightower, receiver, has not answered the complaint of plaintiffs. The action was continued as to him with leave to file an answer.

Plaintiffs further seek to recover of W. L. Marshall, administrator of John T. Patrick, who conveyed the said land to their grantor, Dixie Development Company, damages (1) for a breach of covenant against encumbrances and (2) for a breach of general warranty against the lawful claims of all persons, both of said covenants being included in his deed to said Dixie Development Company. Defendant W. L. Marshall, administrator, demurred *ore tenus* to the allegation of the complaint upon which plaintiffs seek to recover judgment against him. These allegations are therefore to be taken as true. *Hayman v. Davis,* 182 N. C., 563. Plaintiffs, by their exception to the judgment sustaining the demurrer, present to this Court for review, as a matter of law, the question whether a cause of action in favor of plaintiffs and against defendants is set out in the complaint.

1. It is admitted that at the date of the execution of the deed from John T. Patrick to Dixie Development Company there was a mortgage outstanding on the land conveyed by said deed, executed by John T. Patrick to John R. Little and H. W. Little, and duly recorded. This mortgage was an encumbrance on the land, and its existence was a breach of the covenant in the deed against encumbrances. A cause of action arose at once for damages for the breach of this covenant, in favor of Dixie Development Company, covenantee, and against John T. Patrick, the covenantor. Did this covenant or the cause of action aris-

ing from its breach pass to plaintiffs by and under the deed from Dixie Development Company to John W. Gulledge, trustee?

Professor Mordecai, in his Law Lectures, Vol. II, 2 ed., ch. 24, page 851, says: "The various covenants usually inserted in deeds in modern times are six in number, to wit: (1) Covenant of seizin; (2) of right to convey; (3) against encumbrances (these do not run with the land); (4) warranty, which may be either general or special; (5) quiet enjoyment, and (6) further assurance (these do run with the land). 'Running with the land' means that the covenant passes to and may be sued upon by all persons to whom the land is subsequently conveyed. A covenant that does not run with the land is one that does not pass to a subsequent purchaser of the land, but, if broken, can be sued upon, only by the person with whom the covenant is made, or his personal representative, if he be dead." Again on page 859 he says: "Covenants (1), (2) and (3) are personal covenants and do not run with the land or pass to the grantee of the land, for, if not true, there is a breach of them, as soon as the deed is executed and they become choses in action, which are not technically assignable." The distinction here stated, so clearly and so accurately, between covenants which do and which do not "run with the land," and are, or are not assignable, is fully supported by the decisions of the courts and by approved text-writers. See opinion of *Justice Adams* in *Cover v. McAden,* 183 N. C., 642; Rawle on Covenant for Title, ch. 10, sec. 202. Rawle says, "A strong current of American authority has set in favor of the position that the covenants of seizin, for right to convey, and perhaps against encumbrances are what are called covenants *in præsenti*—if broken at all, their breach occurs at the moment of their creation. The covenant is, that a particular state of things exists *at that time,* and if this be not true, the delivery of the deed which contains such a covenant causes an instant breach; these covenants are then, it is held, turned into a mere right of action, which is not assignable at law, which can be taken advantage of only by the covenantee, or his personal representative, and cannot pass to an heir, a devisee, or a subsequent purchaser."

Professor Mordecai makes the following comment upon the distinction, which he says is well established between those covenants which do and those which do not run with the land. "As all choses in action founded on contract are assignable by the laws of North Carolina (Rev., sec. 400; C. S., 446), and as the only reason assigned for the rule that those covenants which are *in præsenti* and therefore broken, if at all, immediately upon the execution of the deed, cannot be sued on by the assignee, is that a chose in action is not assignable at the common law, I see no reason why under our law those covenants do not run with the land, as well as covenants of warranty and quiet enjoyment." The

source of this comment makes it worthy of consideration, but the rule is so well established by the weight of authority that we adhere to it. The author of the article on "Covenants" in Corpus Juris, after full and exhaustive examination of the decisions of the courts, in 15 C. J., 1247, says: "The covenant against encumbrances is generally regarded as a covenant in præsenti, broken, if at all, as soon as made, and hence does not run with the land." "The preponderance of authority establishes the proposition that covenants against incumbrances are merely personal and do not run with the land." 7 R. C. L., 1135.

There is no error in judgment sustaining the demurrer to the cause of action founded upon the covenant against incumbrances contained in the deed from John T. Patrick to the Dixie Development Company, grantor of plaintiff.

2. It is admitted that after the execution of the deed of trust by the Dixie Development Company to John W. Gulledge, trustee, the land conveyed therein was sold under a decree in an action to foreclose a mortgage executed by John T. Patrick, grantor of Dixie Development Company, outstanding at date of his deed, and that said sale having been confirmed, the land was conveyed by commissioners to Mrs. M. E. Parker, testatrix of defendant George R. Parker. There was a covenant in the deed from John T. Patrick to Dixie Development Company against the lawful claims of all persons to said land. This covenant ran with the land, and for a breach of it a subsequent grantee can maintain an action for damages against John T. Patrick or his personal representatives. Wiggins v. Pender, 132 N. C., 628. But neither the immediate grantee nor a subsequent grantee can recover on the covenant, unless there has been an eviction under a lawful claim.

"The foreclosure of a mortgage, followed by an eviction, is a breach of a covenant of warranty, and eviction under foreclosure of a mortgage existing on property at time it is conveyed with a covenant of general warranty gives a remote grantee a right of action on the covenant, notwithstanding there were other covenants in the deed which would have given the immediate grantee a right of action because of the encumbrance as soon as the deed was executed." 7 R. C. L., 1152; Williams v. O'Donnell, 225 Pa. St., 321; 26 L. R. A., N. S., 1094.

"A covenant of warranty is prospective in its nature, and is broken only by an eviction under a paramount title existing at the time of the conveyance, or what in contemplation of law is equivalent to an eviction." Morgan v. Haley, 107 Va., 331; 122 A. S. R., 846, and note.

"To constitute a breach of warranty there must be an ouster or a disturbance of the possession and a judgment against a grantee is not sufficient." Ravenal v. Ingram, 131 N. C., 549.

Plaintiffs do not allege that Mrs. M. E. Parker, to whom the land was conveyed under the decree of foreclosure, has evicted plaintiffs or

in any manner disturbed plaintiffs' possession or right to the possession of said land. It is not alleged that Mrs. Parker has made any demand upon or asserted any claim adverse to plaintiffs with respect to the title or possession of said land. It is alleged and admitted by the demurrer that Mrs. Parker bought the land as trustee of John T. Patrick, the original covenantor, and that said Patrick was the real purchaser of said land. Plaintiffs not having been evicted from said land, actually or constructively, cannot maintain an action for breach of covenant of general warranty.

There is no error in judgment sustaining the demurrer to the cause of action founded upon the covenant of general warranty contained in the deed from John T. Patrick to Dixie Development Company, grantor of plaintiffs.

3. Plaintiffs do not seek to recover judgment against George R. Parker, executor of Mrs. M. E. Parker, upon any allegation that she was personally liable to them. Recovery of judgment against him is dependent upon recovery of judgment against the personal representative of John T. Patrick, for breach of his covenant of warranty. Having failed to state a cause of action against W. L. Marshall, administrator of John T. Patrick, it must follow that no cause of action is set out in the complaint against defendant George R. Parker, executor of Mrs. M. E. Parker. There was no error in sustaining his demurrer.

The demurrer to the original complaint was sustained by Judge Stack. Leave was granted to plaintiffs to make John W. Gulledge, trustee, a party plaintiff. This was subsequently done, and the amended complaint thereafter filed. It is immaterial, in the view we take of the question presented by this appeal, whether plaintiffs were estopped by the judgment of Judge Stack or not. No cause of action is set up in the complaint in favor of plaintiffs and the defendants W. L. Marshall, administrator of John T. Patrick, or George R. Parker, executor of Mrs. M. E. Parker.

The judgment is
Affirmed.