**COMMONWEALTH LAND TITLE INS. CO. v. STEPHENSON**

[97 N.C. App. 123 (1990)]

COMMONWEALTH LAND TITLE INSURANCE COMPANY v. N. V. STEPHEN-
SON, JR., AND RACHEL STEPHENSON

No. 8911DC502

(Filed 16 January 1990)

**Insurance § 148 (NCI3d) — action for breach of warranty against
encumbrances — insured grantee as necessary party**

In an action for breach of warranty against encumbrances
the insured grantee was a necessary party in plaintiff title
insurer's action against defendant grantors to recover expenses
incurred by grantee and paid by insurer, since insured grantee
had been paid for only certain but not all expenses incurred;
insurer was attempting to recover all expenses from grantors;
but the equitable assignment doctrine of subrogation permits
an insurer to assert the remedy of the insured only to the
extent the insurer's payments have discharged the alleged
wrongdoer's primary liability to the insured.

**Am Jur 2d, Insurance §§ 526, 1807, 1823.**

APPEAL by plaintiff from judgment entered 27 March 1989
by *Judge William A. Christian* in HARNETT County District Court.
Heard in the Court of Appeals 8 November 1989.

*Armstrong & Armstrong, P.A., by L. Lamar Armstrong, Jr.,
for plaintiff-appellant.*

*Bain and Marshall, by Edgar R. Bain and Alton D. Bain, for
defendant-appellees.*

GREENE, Judge.

The trial court entered summary judgment for defendants and
substituted plaintiff Commonwealth Land Title Insurance Company
("Company") appeals.

The original plaintiff ("insured-grantee") who filed this action
for breach of the warranty against encumbrances was the grantee
of residential property and the insured in a title insurance policy
issued by Company. Defendants are grantors of the property, and
issued the deed containing the warranty against encumbrances to
insured-grantee. The deed contained this covenant:

Grantor covenants with the Grantee, that Grantor is seized of the premises in fee simple, has the right to convey the same in fee simple, that title is marketable and free and clear of all encumbrances, and that Grantor will warrant and defend the title against the lawful claims of all persons whomsoever except for the exceptions hereinafter stated.

Insured-grantee alleged in his complaint that his septic tank was found to be located on neighboring property several years after defendants conveyed the property to insured-grantee. When insured-grantee informed his neighbor of the mislocation of the septic tank, the neighbor demanded that insured-grantee remove the septic tank from neighbor's property. Insured-grantee complied, spending approximately $3,000.00 in removing and relocating the tank. Neither defendants, insured-grantee nor neighbor were aware of the mislocation of the tank. Insured-grantee alleged that the septic tank mislocation was an "encumbrance caused by the septic tank encroaching on the property of another" which caused insured-grantee to incur expense "to relocate the septic tank on his own property" and "lose funds he had spent on an appraisal and credit report," which breached defendants' warranty against encumbrances.

Insured-grantee also complained that:

12. As a proximate result of defendants' breach of warranty, plaintiff has been damaged in an amount less than $10,000.00, *being the funds forfeited when his loan could not be refinanced, the extra interest paid (and foreseeably to be paid) on his current loan,* and the expense to relocate the septic tank on the property. [Emphasis added.]

Insured-grantee moved for summary judgment pursuant to N.C.G.S. § 1A-1, Rule 56 (1983). Prior to the trial court's hearing of insured-grantee's motion for summary judgment, defendants moved to add Company as a "necessary and proper" party to the action because "the title insurance company paid all or any portion of [the damages alleged in the complaint]," pursuant to N.C.G.S. § 1A-1, Rule 19 (1983). In the same motion, defendants had prayed that "plaintiff be required to advise the defendants as to what title insurance company has paid for all or any part of the damages alleged in the complaint." The record showed that Company had reimbursed insured-grantee's expenses for removing and relocating the septic tank pursuant to the insurance contract between Company and insured-grantee. By consent of all parties, the trial court

COMMONWEALTH LAND TITLE INS. CO. v. STEPHENSON

[97 N.C. App. 123 (1990)]

substituted Company for insured-grantee as the "real party in interest" in the action. Insured-grantee thereafter took no part in the litigation.

After Company answered defendants' complaint, it also filed a motion for summary judgment. After reviewing the pleadings, affidavits, interrogatory answers and "other matters submitted by the parties," the trial court denied Company's motion for summary judgment and granted defendants' motion for summary judgment.

---

The issue presented is whether the original plaintiff (insured-grantee) is an unjoined necessary party, precluding the trial court from entering judgment until he is joined.

Rule 19 dictates that all necessary parties must be joined in an action. *Crosrol Carding Developments, Inc. v. Gunter & Cooke, Inc.*, 12 N.C. App. 448, 451, 183 S.E.2d 834, 837 (1971). "Rule 19 requires the [trial] court to join as a necessary party any persons 'united in interest' and/or any persons without whom a complete determination of the claim cannot be made . . . [s]ince a judgment without such necessary joinder is void." *J & B Slurry Seal Co. v. Mid-South Aviation, Inc.*, 88 N.C. App. 1, 17, 362 S.E.2d 812, 822 (1987) (citations omitted). A party does not waive the defense of failure to join a necessary party; an objection on this basis can be raised at any time. *See Kimball v. The Florida Bar*, 537 F.2d 1305, 1306-07 (5th Cir. 1976). A reviewing court is required to raise the issue ex mero motu to protect its jurisdiction. *J & B Slurry Seal Co.*, at 17, 362 S.E.2d at 822.

When the court substituted Company for insured-grantee as a party-plaintiff, insured-grantee had been reimbursed by Company only for expenses insured-grantee incurred to relocate the septic tank. Company did not pay insured-grantee's claims for forfeited funds and extra interest. In consenting substitution of Company for insured-grantee as plaintiff in this action, the parties sought to place Company in the position of the party prosecuting all claims asserted in the complaint. However, the 'equitable assignment' doctrine of subrogation permits an insurer to assert the remedy of the insured (here, original plaintiff) against the alleged wrongdoer only " 'to the extent' the insurer's payments have discharged the [alleged wrongdoer's] primary liability to the insured." *J & B Slurry Seal Co.*, at 11, 362 S.E.2d at 818. "The insured is a necessary party plaintiff where the insurance company has paid only a por-

tion of the loss." *Security Fire & Indemnity Company v. Barnhardt*, 267 N.C. 302, 304, 148 S.E.2d 117, 119 (1966).

The record does not reveal that insured-grantee released or otherwise dismissed his claims for forfeited funds and extra interest. In fact, the record indicates that Company's complaint seeks recovery for these damages. Based on this record, we determine that insured-grantee is a necessary party to this action. Dismissal of the complaint is proper if a necessary party is not joined. *G & S Business Services, Inc. v. Fast Fare, Inc.*, 94 N.C. App. 483, 489, 380 S.E.2d 792, 795, *appeal dismissed, rev. denied*, 325 N.C. 546, 385 S.E.2d 497 (1989). Therefore, we vacate the trial court's entry of summary judgment dismissing this action and remand the case to the trial court to give Company a reasonable time to join any necessary party. *Id.* at 488-89, 380 S.E.2d at 795.

Vacated and remanded.

Judges BECTON and PHILLIPS concur.