COMMONWEALTH LAND TITLE INSURANCE COMPANY, AND DENNIS ALAN O'NEAL v. N. V. STEPHENSON, JR. AND WIFE, RACHEL STEPHENSON

No. 9011DC543

(Filed 15 January 1991)

1. **Deeds § 24 (NCI3d) — covenant against encumbrances — no standing by title insurer**

   A title insurer has no right to bring an action against the sellers of real property for breach of the covenant against encumbrances in a warranty deed since a covenant against encumbrances is a personal covenant and is not assignable at law, and only the immediate covenantee or his personal representative may take advantage of the personal covenant.

   **Am Jur 2d, Covenants, Conditions, and Restrictions § 82.**

2. **Deeds § 24 (NCI3d) — covenant against encumbrances — septic tank on adjoining property**

   The mislocation of a septic tank system on adjoining property did not constitute an encumbrance within the meaning of the covenant against encumbrances in a warranty deed.

   **Am Jur 2d, Covenants, Conditions, and Restrictions §§ 90, 94.**

   Judge WELLS concurring in the result.

APPEAL by plaintiffs from judgment entered 30 April 1990 by *Judge O. Henry Willis, Jr.* in HARNETT County District Court. Heard in the Court of Appeals 4 December 1990.

Commonwealth Land Title Insurance Company, as substituted plaintiff, brought this action against defendants for breach of warranty against encumbrances contained in a deed. Plaintiffs appeal the entry of summary judgment in favor of defendants.

*Armstrong & Armstrong, P.A., by L. Lamar Armstrong, Jr., for plaintiffs-appellants.*

*Bain & Marshall, by Edgar R. Bain and Alton D. Bain, for defendants-appellees.*

COMMONWEALTH LAND TITLE INS. CO. v. STEPHENSON

[101 N.C. App. 379 (1991)]

JOHNSON, Judge.

Defendants conveyed a parcel of land to plaintiff Dennis O'Neal by way of a standard warranty deed wherein defendants transferred all privileges and appurtenances to plaintiff O'Neal and covenanted that title was marketable and free and clear of all encumbrances. Unknown to all parties at the time of the transfer of this property, the septic tank system servicing the house thereon was located off the property sold and was buried in the property of the adjoining landowner.

In the summer of 1987, plaintiff O'Neal applied for a VA loan to refinance his mortgage on the property. In the course of having a septic tank location test performed, it was determined that plaintiff O'Neal's septic tank was actually located on his neighbor's property. Plaintiff O'Neal then attempted to obtain consent from his neighbor to allow for the maintenance of the septic tank, but was unsuccessful. The neighbor, instead, demanded the immediate removal of the septic tank from his property.

Thereafter, plaintiff O'Neal paid Jerry Pleasant $1,400 to remove the septic tank from the neighbor's property and install another septic tank on his property. As a result of the mislocation of the septic tank, the loan was not processed and the refinance did not take place.

Plaintiff O'Neal filed a claim with Commonwealth Land Title Insurance Company ("Commonwealth"). Commonwealth paid to plaintiff O'Neal $3,000 to resolve the claim pursuant to the purchased title insurance.

Demand was subsequently made upon the defendants for payment as a result of the breach of warranty against encumbrances contained in their warranty deed to plaintiff O'Neal.

On appeal, plaintiffs contend that summary judgment was improvidently granted to the defendants. Specifically, plaintiffs argue that the defendants are liable based on a breach of warranty against encumbrances. We disagree.

Initially, we note that summary judgment should be granted when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. G.S. § 1A-1, Rule 56.

COMMONWEALTH LAND TITLE INS. CO. v. STEPHENSON

[101 N.C. App. 379 (1991)]

[1]   An encumbrance is "[a] claim, lien, charge, or liability attached to and binding real property." Black's Law Dictionary 473 (5th ed. 1979). A covenant or warranty against encumbrances is a personal covenant and is not assignable at law. *Lockhart v. Parker,* 189 N.C. 138, 126 S.E.2d 313 (1925). Only the immediate covenantee or his personal representative can take advantage of the personal covenant. *Id.* In light of the fact that plaintiff O'Neal is the immediate covenantee and Commonwealth is not plaintiff O'Neal's personal representative, the trial court did not err in entering summary judgment against Commonwealth.

[2]   North Carolina has recognized, *inter alia,* judgment liens, mortgages, attachments, covenants that run with the land, taxes and assessments as actionable encumbrances. *See Thompson v. Avery County,* 216 N.C. 405, 5 S.E.2d 146 (1939); *City of Winston-Salem v. Powell Paving Co.,* 7 F. Supp. 424 (1934); and *Gerdes v. Shew,* 4 N.C. App. 144, 166 S.E.2d 519 (1969). Our Courts have not spoken on the issue of whether a mislocated septic tank system creates an encumbrance. The instant case is therefore a case of first impressions and as such, we look to other jurisdictions for guidance in accordance with present North Carolina law.

We find *Magun v. Bombaci,* 40 Conn. Supp. 269, 492 A.2d 235 (1985), to be analogous with the case *sub judice.* In *Magun,* the plaintiff purchased real estate with a house and improvements by general warranty deed wherein the deed contained no reference to the location of the driveway or sewer lines. It was later determined, however, that a part of the driveway and portions of the sewer lines were located on property next to the deeded property. The condition existed when the defendants bought and sold the property and had no problems with the property. Plaintiffs brought an action based upon a breach of the covenant against encumbrances. It was held that the location of the driveway and sewer lines on the property of another did not constitute an encumbrance against the fee conveyed by the general warranty deed since land does not pass as an appurtenant to land.

In light of the present facts, our review of the forecasted evidence and the posture of current North Carolina law regarding the nature of encumbrances, we find that the trial court properly entered summary judgment for the defendants. An adoption of the plaintiffs' contention could result in increased liabilities and

IN RE PROPOSED ASSESSMENT OF ADDITIONAL TAX

[101 N.C. App. 382 (1991)]

would amount to the circumventing of our present system of certifying title for real estate. This assignment is overruled.

Accordingly, the judgment below is

Affirmed.

Judge COZORT concurs.

Judge WELLS concurs in the result.

Judge WELLS concurring in the result.

In our previous opinion in this case, reported at 97 N.C. App. 123, 387 S.E.2d 77 (1990), we recognized Commonwealth's standing as a party plaintiff and that is the law of this case on that issue.

I agree that the existence of a buried septic tank on the land of a stranger to the title in question is not an encumbrance on the title to the land conveyed, and on that narrow factual aspect of this case, I agree that summary judgment for defendants was correctly rendered.