RICH, RICH & NANCE, a NC General Partnership, Plaintiff v. CAROLINA CONSTRUCTION CORPORATION, Defendant

No. COA00-96-2

(Filed 17 September 2002)

### 1. Corporations— addendum to land sale contract— signatures

An addendum to a contract for the sale of land was enforceable even though the person who was vice-president, secretary, treasurer, and a fifty percent shareholder of defendant corporation did not sign the addendum. Defendant did not dispute the finding that it had executed the addendum, defendant admitted in its answer that it was a party to the addendum, defendant's president, who was also a fifty percent shareholder, signed the addendum, defendant did not argue that the president lacked authority to enter the contract on behalf of defendant, and defendant offered no authority for its assertion that another signature was necessary.

### 2. Deeds— covenant against encumbrances—availability fee not listed indeed—subsequent purchaser

Plaintiff did not waive its right to a deferred availability fee for the sale of land where the fee was not identified as an exception to title in the general warranty deed. Defendant was a subsequent purchaser; a claim for breach of the covenant against encumbrances may be brought only by the immediate covenantee. Furthermore, plaintiff's reliance upon defendant to perform

as agreed by the parties in no way constitutes an intentional relinquishment of its rights to availability fees.

## 3. Contracts— changes—modification rather than new agreement

There was substantial evidence to support the trial court's finding that changes to a land sales contract represented a modification and not a new contract where the acreage conveyed and the responsibilities for drainage changed, but not the purchase price or the deferred fee.

## 4. Vendor and Purchaser— deferred sales fee—sale of entire tract

The trial court did not err in an action for breach of a real estate sales contract by ordering that the balance would come due if defendant sold the entire tract without selling each of the remaining lots. From the plain language of an addendum to the contract, the parties contemplated that defendant might sell the improved tract as a whole and did not intend this possibility to negate plaintiff's interest in deferred availability fees.

Appeal by defendant from judgment entered 31 August 1999 by Judge Cy A. Grant in Pasqoutank County Superior Court. Originally heard in the Court of Appeals 15 February 2001. An opinion reversing and remanding the judgment of the trial court was filed by this Court on 19 June 2001. Pursuant to N.C. Gen. Stat. § 7A-30(2), plaintiff appealed to the Supreme Court. Heard in the Supreme Court 15 October 2001. An opinion reversing the Court of Appeals and remanding for consideration of issues not previously addressed by this Court was filed by the Supreme Court on 1 February 2002.

*Trimpi, Nash & Harman, L.L.P., by John G. Trimpi, for plaintiff appellee.*

*The Twiford Law Firm, L.L.P., by Branch W. Vincent, III, for defendant appellant.*

TIMMONS-GOODSON, Judge.

Carolina Construction Corporation ("defendant") appeals from a judgment by the trial court awarding monetary damages to Rich, Rich & Nance ("plaintiff") for breach of a real estate sales contract. For the reasons set forth herein, we affirm the judgment of the trial court.

The pertinent facts of this appeal are as follows: Plaintiff, a North Carolina general partnership, owned an 11.89-acre parcel of land known as "Walking Horse Subdivision" in Elizabeth City, North Carolina. On 29 August 1994, plaintiff entered into a contract with LFM Properties ("LFM") to sell this parcel. Based on discussions by the parties regarding the eventual use of the property, plaintiff anticipated that at some date in the future, LFM would convey its interest in the property to defendant, which would ultimately subdivide and develop the property into thirty-seven single-family residential lots. Accordingly, on 29 August 1994, plaintiff, LFM, and defendant executed the following addendum to the contract:

> At the close of each of the 37 (thirty seven) lots of Walking Horse subdivision, LFM Properties and or Carolina Construction Corporation, whomever is owner, agrees to pay to Rich, Rich and Nance the sum of $600.00 (Six Hundred Dollars) per lot as an availability fee. These fees shall survive any and all listing agreements and shall remain as a lien against the lots until they are paid. The sale or transfer of these lots from LFM Properties to Carolina Construction Corporation is exempt from the fee until such time as Carolina Construction Corporation sells the property improved or unimproved.

A further addendum provided that:

> Upon the subject property being developed by LFM Properties, or its successor in interest, a Declaration of Restrictive Covenants shall be recorded with the subdivision plat. The Declaration shall refer to the above-mentioned fee agreement and provide record notice thereof.

Lucien O. Morrisette ("Morrisette"), a principal stockholder of LFM and defendant, signed the addendum on behalf of LFM and defendant. Plaintiff thus anticipated a total payment of $97,200.00: $75,000.00 at the closing and, based on the addendum agreement, $22,200.00 to be paid over time as the lots in the subdivision were sold.

The parties subsequently modified the sales contract in terms of the acreage conveyed and responsibilities in connection with the drainage. The $75,000.00 purchase price and the $600.00 per lot availability fee remained unchanged, however. Plaintiff and LFM closed the sale of the property on 28 April 1995 and thereafter recorded the deed.

On 30 May 1997, LFM conveyed the property to defendant as contemplated by the parties. Defendant thereafter subdivided the property into thirty-eight lots and renamed the development "Carolina Village." On 22 April 1998, defendant sold the first lot in Carolina Village, but failed to pay plaintiff the $600.00 availability fee, as required by the addendum. When plaintiff thereafter demanded the fee payment, defendant refused, indicating that it was not bound, and therefore, would not honor the agreement contained in the addendum.

Plaintiff filed an action against defendant for breach of contract and sought $600.00 in damages. The complaint further alleged anticipatory repudiation of the contract and sought the balance due of $22,200.00. The matter came before the trial court on 2 August 1999. At the time of trial, only twelve lots had been platted, and defendant had sold nine lots in the subdivision without paying any of the availability fees. Approximately 6.9 acres remained undivided.

After considering all of the evidence, the trial court entered judgment for plaintiff in the amount of $5,400.00, the fees due for the nine lots sold. The court further ordered defendant to "pay the balance of $16,800.00 when and as each of the 28 additional lots in Carolina Village are sold by paying to plaintiff the sum of $600.00 upon the closing of each lot sale[.]" Additionally, the judgment provided that "[i]n the event defendant sells the entire tract without selling each of the 28 remaining lots, then the entire balance then due would become immediately payable." Defendant moved pursuant to Rules 59 and 60 of the Rules of Civil Procedure for reconsideration and for relief from the court's decision, which motions the court denied.

On appeal by defendant, a divided panel of this Court held that the rule against perpetuities prevented enforcement of the addendum and accordingly reversed the trial court. Plaintiff appealed to the Supreme Court, which held that the rule against perpetuities did not apply and thus would not bar enforcement of the contractual rights in the addendum. The Supreme Court therefore reversed the opinion of the Court of Appeals and remanded the case for further consideration of issues previously raised by the parties but unaddressed by this Court.

Defendant presents five issues on appeal, arguing that the availability fee contained in the addendum is unenforceable in that (1) one of the principals of the defendant corporation did not sign the adden-

dum; (2) plaintiff waived its right to the availability fee; (3) plaintiff breached the covenant against encumbrances; and (4) a second contract superseded the parties' original agreement. Defendant further argues that the trial court erred when it (5) ordered that, if defendant sold the entire property without selling the twenty-eight remaining lots, the entire balance then due to plaintiff would become immediately payable. For the reasons stated herein, we affirm the judgment of the trial court.

On appeal from a judgment of the trial court, we are bound by the trial court's findings of fact where they are supported by competent evidence, even where there may be evidence to the contrary. *See Barnhardt v. City of Kannapolis*, 116 N.C. App. 215, 217, 447 S.E.2d 471, 473, *disc. review denied*, 338 N.C. 514, 452 S.E.2d 807 (1994). Where such findings are supported by competent evidence, we may reverse the judgment only for erroneous conclusions of law. *See id.*

[1] By its first assignment of error, defendant argues that it is not bound by the addendum because Robert D. Saunders ("Saunders") did not sign the contract. Saunders is vice-president, secretary and treasurer of defendant corporation and owns fifty percent of the outstanding shares of stock. Defendant asserts that Saunder's signature was necessary to the contract, and that plaintiff was aware of such necessity. Defendant therefore argues that the addendum is unenforceable. We disagree on several grounds.

First, the trial court found that "Defendant executed the Addendum[,]" a finding defendant does not dispute in its argument. Defendant is therefore bound by such a finding. *See Koufman v. Koufman*, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991). Moreover, defendant similarly admitted in its answer to plaintiff's complaint that it was a party to the addendum. An admission by a party in its pleading is conclusive and binding upon the parties. *See Crowder v. Jenkins*, 11 N.C. App. 57, 62, 180 S.E.2d 482, 485 (1971). Further, the addendum was signed by Morrisette, who is president and fifty-percent shareholder of the defendant corporation. Although defendant's brief cites extensive authority concerning the concept of agency, defendant does not argue that Morrisette lacked the proper authority to enter into the contract on behalf of the defendant corporation. Defendant likewise offers no authority or other basis for its assertion that Saunder's signature was necessary to the contract. We therefore overrule this assignment of error.

RICH, RICH & NANCE v. CAROLINA CONSTR. CORP.

[153 N.C. App. 149 (2002)]

**[2]** By its next two assignments of error, defendant contends that plaintiff waived its rights in the addendum by failing to identify the availability fee contained therein as an exception to title in the general warranty deed. Defendant asserts that the availability fee represents a lien on the real property and that therefore, plaintiff's failure to identify the availability fee in the general warranty deed breached the covenant against encumbrances. We disagree.

As defendant recognizes in its brief, the covenant against encumbrances is a personal covenant and does not run with the land. *See Lockhart v. Parker*, 189 N.C. 138, 143, 126 S.E. 313, 315 (1925); *Commonwealth Land Title Ins. Co. v. Stephenson*, 101 N.C. App. 379, 381, 399 S.E.2d 380, 381 (1991). A claim for breach of the covenant against encumbrances may be brought only by the immediate covenantee, not a subsequent purchaser. *See Lockhart*, 189 N.C. at 142, 126 S.E. at 315; *Commonwealth*, 101 N.C. App. at 381, 399 S.E.2d at 381. The immediate covenantee in the instant case was LFM and not defendant. As a subsequent purchaser, defendant has no right to bring a claim for breach of the covenant against encumbrances.

Furthermore, we perceive no grounds for waiver by plaintiff of its rights in the addendum. Waiver is the " 'intentional relinquishment of a known right.' " *Clement v. Clement*, 230 N.C. 636, 639, 55 S.E.2d 459, 461 (1949) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464, 82 L. Ed. 1461, 1466 (1938)). The parties agreed in the instant case that defendant "would acquire the property from LFM Properties and build residential houses[.]" Further, "defendant agreed to refer to the $600.00 per lot fee arrangement in a declaration of restrictive covenants for the subdivision which would be created and placed of record at a later time." Clearly, plaintiff expected and relied upon defendant to honor its agreement to refer to the availability fees in a future set of restrictive covenants. Plaintiff's reliance upon defendant to perform as agreed to by the parties in their contract in no way constitutes an "intentional relinquishment" of its rights in the availability fees. We overrule these assignments of error.

**[3]** Defendant next argues that the addendum cannot be enforced because it was superseded by a subsequent agreement between the parties.[1] Specifically, defendant contends that the original offer to

---

1. We note that, although defendant refers to the doctrine of merger in this assignment of error, the actual argument focuses exclusively on the formation of a second contract between the parties and provides no further elaboration on the doctrine of merger or its application to the present facts.

purchase and contract was "not the same contract underlying the conveyance of real property on April 28, 1995." Defendant asserts that this second contract contained no availability fees and super-seded any rights of plaintiff contained in the original contract. Defendant's argument has no merit.

Defendant's only support for its argument that the parties formed a new contract is that "the acreage under contract was reduced by 2 acres" and that defendant was "required to spend substantial sums of money when the drainage easement was signed." Defendant provides no other evidence to contradict the trial court's finding that the par-ties "modified the contract in terms of the acreage being conveyed and responsibilities in connection with drainage but did not change the purchase price or the $600.00 per lot deferred fee." There was substantial evidence to support the trial court's finding that the changes to the original contract represented a modification and not a new contract. We overrule this assignment of error.

[4] By its final assignment of error, defendant contends that the trial court erred when it ordered that "[i]n the event defendant sells the entire tract without selling each of the 28 remaining lots, then the entire balance then due would become immediately payable." Defendant argues that the trial court's order is contrary to the intent of the parties as expressed in the contract and at trial. We do not agree.

Where the language of a contract is plain and unambiguous, the construction of the agreement is a matter of law for the court. *See Kent Corporation v. Winston-Salem*, 272 N.C. 395, 401, 158 S.E.2d 563, 567-68 (1968); *Ins. Co. of North America v. Aetna Life & Casualty Co.*, 88 N.C. App. 236, 240, 362 S.E.2d 836, 839 (1987), *disc. review denied*, 321 N.C. 743, 366 S.E.2d 860 (1988). The addendum to the contract in the instant case states that "[t]he sale or transfer of these lots from LFM Properties to Carolina Construction Corporation is exempt from the fee until such time as Carolina Construction Corporation sells the property improved or unimproved." From the plain language of the addendum, the parties clearly contemplated that defendant might sell the unimproved tract as a whole, without selling the individual lots. It is equally clear that the parties did not intend for this possibility to negate plaintiff's interest in the availabil-ity fees. Instead, the parties agreed that defendant would not have to pay the availability fees until it sold the property.

Moreover, it is clear from the evidence at trial that the parties intended for the availability fees to operate as a form of creative financing for the sale of the property. Plaintiff characterized the money owed from the addendum as a deferred portion of the purchase price, an accommodation to the buyer and an interest-free loan until the lots were sold. Morrisette testified at trial that when he signed the addendum on behalf of defendant, he believed that the corporation was obligated to pay the $600.00 per lot fee.

We conclude that the trial court's order is consistent with the intent of the parties, as expressed by the language of the contract and the evidence at trial. The trial court therefore did not err in its order, and we overrule defendant's final assignment of error.

The judgment of the trial court is hereby

Affirmed.

Judges MARTIN and TYSON concur.