An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1393

NORTH CAROLINA COURT OF APPEALS

Filed: 3 June 2014

IN THE MATTER OF:

D.C.M.                                    Alleghany County
                                          Nos. 05 J 20, 12 JT 18

Appeal by respondent from order entered 16 October 2013 by Judge Michael Duncan in Alleghany County District Court. Heard in the Court of Appeals 5 May 2014.

*James N. Freeman, Jr., for petitioner-appellees.*

*Richard Croutharmel for respondent-appellant father.*

BRYANT, Judge.

Respondent-father appeals from an order terminating his parental rights. After careful review, we affirm.

On 24 October 2005, the Alleghany County Department of Social Services ("DSS") filed a petition alleging that Danny[1] was a neglected juvenile. At the time the petition was filed, Danny

---

[1] Danny is a pseudonym used to protect the identity of the juvenile pursuant to N.C. R. App. P. 3.1(b) (2013).

was living with his mother, other siblings, and maternal grandparents. DSS had visited Danny's home on 4 October 2005 and found that it was in "disarray." DSS claimed that it found: (1) dirty clothes lying on the floor; (2) unclean carpet and flooring, causing the children's feet to turn black from the dirt; and (3) bugs. Additionally, a strong odor permeated the apartment. DSS further stated that it received several calls on 17 October 2005 reporting that there were three children standing next to a road unsupervised, one of whom was Danny. Danny was just six years old at the time. On 22 November 2005, DSS obtained non-secure custody of Danny.

On 23 February 2006, a consent order was entered adjudicating Danny as neglected. Danny was placed in a guardianship arrangement with petitioners and respondent was granted visitation. The trial court also authorized DSS to cease reunification efforts. On 26 January 2007, upon review of the guardianship arrangement, the trial court concluded that continuing the guardianship arrangement with petitioners was in Danny's best interest. The court noted that respondent had not visited Danny since October 2006. At the conclusion of the hearing, the court waived further review hearings.

On 23 July 2008, respondent filed a motion in the cause seeking visitation. On 18 December 2008, the trial court entered an order requiring respondent to undergo a mental health evaluation prior to being allowed renewed visitation with Danny. A hearing was held on 2 June 2009, at which time the trial court noted that respondent had moved to Virginia and had not yet undergone a mental health evaluation. The court solicited the assistance of the Virginia Department of Social Services in completing the evaluation. On 10 May 2012, Danny's mother relinquished her parental rights.

On 30 August 2012, petitioners filed a petition to terminate respondent's parental rights. Petitioners alleged that grounds existed to terminate respondent's parental rights pursuant to N.C. Gen. Stat. § 7B-1111(a)(1) (neglect), (2) (willful failure to correct conditions which led to removal of the juvenile), (3) (failure to provide financial support), (6) (dependency), and (7) (abandonment). N.C.G.S. § 7B-1111(a) (2013). On 22 January 2013, the trial court consolidated the underlying neglect proceeding (05 JA 20) with the newly filed termination proceeding (12 JT 18).

On 16 October 2013, the court entered an order terminating respondent's parental rights on the grounds of neglect and

abandonment pursuant to N.C.G.S. § 7B-1111(a) (1) and (7). Respondent appeals.

_____

On appeal, respondent argues that: (I) the trial court's order terminating his parental rights was void; and that the trial court erred in terminating his parental rights on grounds of (II) abandonment and (III) neglect.

*I.*

Respondent first argues that the trial court's order terminating his parental rights is void because petitioners failed to join DSS as a party to the case in violation of N.C. Gen. Stat. § 7B-1106.1 (2013). We disagree.

We must first address petitioners' contention that respondent waived this issue by failing to raise it in the trial court. "A judgment which is determinative of a claim arising in an action in which necessary parties have not been joined is null and void." *Rice v. Randolph*, 96 N.C. App. 112, 113, 384 S.E.2d 295, 297 (1989) (citation omitted); *see also* N.C. Gen. Stat. § 1A-1, Rule 19 (2013). This Court has stated that "[a] party does not waive the defense of failure to join a necessary party; an objection on this basis can be raised at any time." *Commonwealth Land Title Ins. Co. v. Stephenson*, 97 N.C. App.

123, 125, 387 S.E.2d 77, 79 (1990) (citation omitted). Consequently, respondent's argument has not been waived, and we must determine whether DSS is a necessary party.

Respondent contends that DSS was a necessary party in accordance with N.C.G.S. § 7B-1106.1. Respondent's argument is misplaced, however, because petitioners filed this petition as Danny's guardians pursuant to N.C. Gen. Stat. § 7B-1103 (2013), and not as a motion pursuant to N.C. Gen. Stat. § 7B-1102 (2013). Thus, the notice requirements of N.C.G.S. § 7B-1106.1 were not invoked.

The petition to terminate respondent's parental rights was later consolidated with the underlying juvenile file pursuant to N.C.G.S. § 7B-1103(c) (2013). There is no provision in N.C.G.S. § 7B-1103(c) regarding notice or joinder of parties. Therefore, we must look to Rule 19 to determine whether DSS was a necessary party. *See In re B.L.H.*, 190 N.C. App. 142, 146, 660 S.E.2d 255, 257 (2008) ("The Rules of Civil Procedure will . . . apply to fill procedural gaps where Chapter 7B requires, but does not identify, a specific procedure to be used in termination cases." (citations omitted)).

This Court has stated:

> Rule 19 dictates that all necessary parties must be joined in an action. Rule 19

> requires the [trial] court to join as a necessary party any persons 'united in interest' and/or any persons without whom a complete determination of the claim cannot be made . . . [s]ince a judgment without such necessary joinder is void.

*Commonwealth Land Title*, 97 N.C. App. at 125, 387 S.E.2d at 79 (citations and quotation omitted). "A necessary party is one who is so vitally interested in the controversy that a valid judgment cannot be rendered in the action completely and finally determining the controversy without his presence." *Karner v. Roy White Flowers, Inc.*, 351 N.C. 433, 438—39, 527 S.E.2d 40, 44 (2000) (citation and quotation omitted).

Under the facts of this case, we conclude that DSS was not a necessary party, but a proper party. Our Supreme Court has defined a proper party as "a party who has an interest in the controversy or subject matter which is separable from the interest of the other parties before the court, so that it may, but will not necessarily, be affected by a decree or judgment which does complete justice between the other parties." *Id.*

In its order adjudicating Danny neglected, the trial court granted guardianship to petitioners and authorized DSS to cease efforts to reunify Danny with respondent. Consequently, because DSS did not retain custody and was no longer required to continue reunification efforts, it was not a necessary party to

this action. Accordingly, we conclude the trial court's termination order was not void for failure to join DSS as a necessary party.

*II. & III.*

Respondent next argues that the trial court erred by concluding that grounds existed to terminate his parental rights. We are not persuaded.

N.C. Gen. Stat. § 7B-1111 sets out the statutory grounds for terminating parental rights. A finding of any one of the separately enumerated grounds is sufficient to support termination. *In re Taylor*, 97 N.C. App. 57, 64, 387 S.E.2d 230, 233—34 (1990) (citation omitted). "The standard of appellate review is whether the trial court's findings of fact are supported by clear, cogent, and convincing evidence and whether the findings of fact support the conclusions of law." *In re D.J.D.*, 171 N.C. App. 230, 238, 615 S.E.2d 26, 32 (2005) (citing *In re Huff*, 140 N.C. App. 288, 291, 536 S.E.2d 838, 840 (2000)). The trial court's findings of fact are conclusive even when there is evidence supporting contrary findings. *In re Helms*, 127 N.C. App. 505, 511, 491 S.E.2d 672, 676 (1997) (citations omitted).

In the case *sub judice*, one of the grounds found by the trial court to support termination of respondent's parental rights was abandonment. Pursuant to N.C. Gen. Stat. § 7B-1111(a)(7), parental rights may be terminated when a "parent has willfully abandoned the juvenile for at least six consecutive months immediately preceding the filing of the petition or motion . . . ." N.C.G.S. § 7B-1111(a)(7) (2013). The petition to terminate respondent's parental rights was filed on 30 August 2012. Thus, the relevant statutory period was from 29 February 2012 to 30 August 2012. We note, however, that the statute requires that the child be abandoned for "*at least*" six months prior to the motion or petition to terminate parental rights. *Id.* (emphasis added). Therefore, it was within the court's discretion to consider events occurring prior to the six-month period immediately preceding the filing of the petition.

This Court has defined abandonment as:

> wilful neglect and refusal to perform the natural and legal obligations of parental care and support. . . . [I]f a parent withholds his presence, his love, his care, the opportunity to display filial affection, and wilfully neglects to lend support and maintenance, such parent relinquishes all parental claims and abandons the child.

*In re Humphrey*, 156 N.C. App. 533, 540, 577 S.E.2d 421, 427 (2003) (quoting *Pratt v. Bishop*, 257 N.C. 486, 501, 126 S.E.2d

597, 608 (1962)). "Whether a biological parent has a willful intent to abandon his child is a question of fact to be determined from the evidence." *In re Adoption of Searle*, 82 N.C. App. 273, 276, 346 S.E.2d 511, 514 (1986) (citation omitted).

Here, in support of its conclusion that respondent abandoned Danny, the trial court found that:

> 9. The Court find[s] a memorandum Judgment Order by Consent dated February 23, 2006 [which] gave [respondent] the opportunity to visit with [Danny]. The Order also gave [respondent] reasonable telephone contact.
>
> 10. No subsequent orders restricted [respondent] with having contact with the minor child.
>
> 11. The Court finds [respondent] has not provided the child with support either physically, emotionally or financially [which] is required and expected by a parent. The Respondent father has withheld his presence, love[,] care and opportunity to display affection and has willfully neglected to lend support and maintenance at a minimum since 2007.
>
> . . .
>
> 13. The Court heard no evidence that [respondent] was incarcerated.
>
> 14. The lack of contact with the child was in the Respondent Father[’s] . . . control.
>
> 15. The Court specifically finds that the father has not provided presents, cards,

> gifts or any other means of emotional[,] financial or physical support. The father has not provided any care or support for the minor since the petition was filed in 2006.
>
> 16. The Court finds the father['s] actions are wholly inconsistent with the desire to maintain custody of [Danny].
>
> . . .
>
> 20. [Petitioners] have remained living at the same address for the past 7 years.

As respondent does not challenge the above findings of fact, they are binding on appeal. *Koufman v. Koufman*, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991) (citations omitted). Based on these findings, we conclude that grounds existed pursuant to N.C.G.S. § 7B-1111(a)(7) to terminate respondent's parental rights.

Respondent additionally argues that the trial court erred by concluding that grounds existed pursuant to N.C. Gen. Stat. § 7B-1111(a)(1) to terminate his parental rights. However, because we conclude that grounds existed pursuant to N.C.G.S. § 7B-1111(a)(7) to support the trial court's order of termination based on abandonment, we need not address the remaining ground found by the trial court to support termination. *In re Taylor*, 97 N.C. App. at 64, 387 S.E.2d at 233—34. Accordingly, we affirm.

Affirmed.

Judges STEPHENS and DILLON concur.

Report per Rule 30(e).